982 So.2d 131 (2008)
Lynn JAMBON, wife of/and Carol Jambon, Jr.
v.
STATE FARM FIRE AND CASUALTY COMPANY and Donald Belsom.
No. 07-CA-925.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*132 Jim S. Hall, Joseph W. Rausch, Jim S. Hall & Associates, LLC, Metairie, Louisiana, for Plaintiffs/Appellants.
Brant J. Cacamo, Eric B. Berger, Lorman, Carnahan, Batt, Angelle & Nader, New Orleans, Louisiana, for Defendants/Appellees.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
This is an appeal by plaintiffs/appellants, Lynn and Carol Jambon, Jr. ("the Jambons"), from a judgment of the trial court, which maintained a defense exception of prescription and dismissed plaintiffs' case with prejudice. For reasons that follow, we affirm.
Plaintiffs filed this action against their homeowner and flood insurance company, State Farm Fire and Casualty Insurance Company ("State Farm"), and their State Farm Agent, Donald Belsom ("Mr. Belsom"), for flood losses to their personal possessions in Hurricane Katrina.
The Jambons began construction on a new home in Metairie in 2004. At the beginning of the construction, they went to their long-time State Farm Agent, Mr. Belsom, to secure insurance on the home. Because it was still under construction and not yet furnished, Mr. Belsom wrote a builder's risk homeowners policy and a flood insurance policy, which only provided coverage on the building.
According to the Jambons, the understanding between the parties was that, when the home was completed and occupied, Mr. Belsom would extend the flood insurance coverage to include the contents. The home was completed and occupied in October of 2004. The Jambons assert that Mr. Belsom came out to inspect the home when it was completed and assured the Jambons, at that time, that the dwelling and contents coverage would be placed by State Farm under both the homeowners and flood insurance policies. However, when Hurricane Katrina caused flooding in their home in August of 2005, the Jambons discovered the flood insurance only covered the building and not the contents. Consequently, their claim for contents lost by flood waters was denied.
On August 15, 2006, the Jambons filed this action against State Farm and Mr. Belsom to recover the cost of the flood-damaged contents of their home. The defendants filed notice of removal to federal court in September of 2006. Plaintiffs objected to the removal to federal court and filed a motion to remand the matter back to the state court. That motion was granted and the matter was remanded back to the Twenty-Fourth Judicial District Court.
Defendants filed a peremptory exception urging that the action was time barred by LSA-R.S. 9:5606. After a hearing on the matter, the trial court maintained the exception and dismissed plaintiffs' action with prejudice. Plaintiffs appeal that ruling.
LAW AND ANALYSIS
A defendant may raise a peremptory exception of prescription at any time.[1] When such an exception is pled prior to trial, the exception is tried and disposed of *133 in advance of, or on the trial of the case.[2] In the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.[3] The trial court is not bound to accept as true the allegations of plaintiffs petition in its trial of the peremptory exception. When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions.[4] Although the party pleading prescription ordinarily has the burden of proof, the burden is shifted to the plaintiff when the petition on its face reveals that prescription has run.[5]
With the enactment of LSA-R.S. 9:5606, the legislature has imposed a one-year prescriptive limitation on actions against insurance agents, brokers, and solicitors, and it has also put a three-year peremptive limit on these actions. Thus, if a claim of negligence is not filed within three years of the alleged act, it is extinguished by peremption, regardless of whether or not it was filed within the one-year limitation period.[6]
Prescription commences to run when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort.[7] Constructive knowledge is whatever notice is sufficient to excite the attention of the injured party and which puts the party on notice that an inquiry is necessary.[8]
It is clear that the Jambons knew when they began construction in August of 2004 that their flood insurance policy did not cover contents. It is also clear that no amendment was made to the policy to include contents in October 2004 when they moved into the home. Further, a renewal certificate of the flood policy was sent to the Jambons in June of 2005. That one-page document showed that the policy covered the dwelling for $202,000 and the contents were not covered. The Jambons paid that premium in July of 2005, and a renewal policy became effective on August 12, 2005.
Although the Jambons stated that they wanted coverage on contents on their flood policy, they do not contend that they received a quote for the additional coverage after they moved into their home.
After reviewing the evidence and considering argument of counsel, the trial court found that the Jambons had sufficient constructive notice that Mr. Belsom had failed to add contents coverage to their flood policy at the very latest when they received and paid the renewal of the flood insurance in July of 2005. We do not find manifest error in that finding. Even assuming they thought Mr. Belsom added contents coverage to the existing policy when they moved into their home in October of 2004, the Jambons should have known no contents coverage was added when they received the renewal certificate *134 in June of 2005. Because this action was not filed until August 15, 2006, it is prescribed under the one-year limitation of LSA-R.S. 9:5606.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 929.
[2] Id.
[3] LSA-C.C.P. art. 931.
[4] Austin v. State Farm Ins. Co., 06-808 (La. App. 5 Cir. 3/13/07), 956 So.2d 13, writ denied, XXXX-XXXX (La.6/1/07), 957 So.2d 178.
[5] Riehm v. State Farm Mut. Auto. Ins. Co., 07-651 (La.App. 5 Cir. 1/22/08), 977 So.2d 1045.
[6] Boes Iron Works L.L.C. v. Galatas, 07-336 (La.App. 5 Cir. 12/11/07), 974 So.2d 713.
[7] Campo v. Correa, 2001-2707 (La.6/21/02), 828 So.2d 502, 510.
[8] In Re Medical Review Panel of Lafayette, 03-457 (La.App. 5 Cir. 10/15/03), 860 So.2d 86.