993 So.2d 810 (2008)
BURK PROPERTY INVESTMENTS, LLC
v.
ALLIANCE INSURANCE AGENCY SERVICES, INC., Sandy Dauzat and E & O Insurer.
No. 2008-CA-0489.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 2008.
*811 John A. Venezia, William B. Gordon III, The Law Office of John A. Venezia (APLC), Metairie, LA, for Plaintiff/Appellant.
Emile A. Bagneris III, Donald R. Klotz, Jr., Ungarino & Eckert L.L.C., Metairie, LA, for Allstate Insurance Agency Services, Inc. and Sandy Dauzat.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY, III, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, and Judge Pro Tempore MOON LANDRIEU).
CHARLES R. JONES, Judge.
The Appellant, Burk Property Investments, L.L.C. (hereinafter referred to as "Burk"), is appealing the district court's judgment granting a motion for summary judgment in favor of the Appellees, Sandy Dauzat and Alliance Insurance Agency Services, Inc. We affirm.
On or about June 13, 2005, Burk purchased insurance for two pieces of property that it owned in Orleans Parish: 154 14th Street and 130 Bragg Street. Burk procured its insurance policies through Alliance Insurance Agency Services, Inc., and Sandy Dauzat, an insurance agent employed by Alliance. According to Burk, it relied on Ms. Dauzat's representations that the subject properties were fully insured, including having flood insurance coverage. Flood insurance coverage was not obtained for the properties.
As a result of Hurricane Katrina in August of 2005, Burk's two properties sustained extensive flood damage. Burk attempted to recover insurance proceeds for *812 wind and flood damages to the property, but the insurers denied payment for flood damages as no such coverage existed. Burk avers that it did not discover that its properties lacked flood insurance coverage until its claims for flood damages were denied.
Subsequently, Burk filed suit against Ms. Dauzat and Alliance on August 29, 2006, seeking monetary damages. In its petition, Burk alleged: Ms. Dauzat had a professional duty to advise Burk that it needed to obtain flood insurance for its properties; her failure to alert Burk of the need and availability of flood insurance caused the company to be uninsured against Hurricane Katrina damages, and she is responsible for absent flood insurance proceeds and other damages. Lastly, Burk alleged that Alliance was vicariously liable for Ms. Dauzat's alleged negligence.
Thereafter, Ms. Dauzat and Alliance filed a Motion for Summary Judgment. A hearing was held on February 22, 2008, wherein the district court granted the motion for summary judgment. Burk timely filed the instant appeal.
Burk raises three (3) assignments of error on appeal:
1.) the district court erred by failing to find that Burk made a sufficient showing that a genuine issue of material fact existed as to when Burk knew or should have known of Ms. Dauzat's alleged negligence;
2.) the district court erred in making impermissible credibility determinations on a motion for summary judgment, and failing to assume that all of the affiants are credible; and
3.) the district court erred in failing to resolve evidentiary doubts in favor of the party opposing the motion.
The standard of review of a grant or denial of a motion for summary judgment is de novo. Suskind v. Shervington, 03-0037, p. 4 (La.App. 4 Cir. 4/16/03), 846 So.2d 93, 96. Furthermore, a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The first issue raised by Burk is that the district court erred in finding that its claim was perempted because Burk made a sufficient showing that a genuine issue of material fact existed as to when Burk knew or should have known of Ms. Dauzat's alleged negligence. Burk contends that it could not file suit against Alliance and Ms. Dauzat until it experienced real and tangible damage. Consequently, Burk maintains that it could not have constructive knowledge of a cause of action that did not exist until Hurricane Katrina caused flood damage to its properties.
Ms. Dauzat and Alliance assert that Burk's claims are perempted under La. R.S. 9:5606(A) because Burk knew or should have known that it did not have flood coverage in June of 2005.
Paragraphs A and D of La. R.S. 9:5606, entitled Actions for professional insurance agent liability, state:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged *813 act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
* * * *
D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
With regard to La. R.S. 9:5606, the Second Circuit further explained in Huffman v. Goodman, 34,361, p. 7 (La.App. 2 Cir. 4/4/01), 784 So.2d 718, 725 that the provisions contained within the statute:
... set forth a one year peremptive period which begins to run from the date the plaintiff discovered or should have discovered the alleged act, omission or neglect. Once that peremptive period begins to run, it is not subject to contra non valentum, i.e., it may not then be renounced, interrupted or suspended. The "discovery rule" merely provides the starting point for the running of the one-year period and is not a suspension or interruption of the time period as is the case with contra non valentum. As with the three-year peremptive period, if a plaintiff fails to file his/her action within the one-year peremptive period, the action is extinguished.
Id., 34,361, p. 7, 784 So.2d at 725. As the Second Circuit explained in Huffman, the peremptive period begins to run at the time the plaintiff discovered or should have discovered the alleged act, omission or neglect. Id.
Burk, however, asserts that our Court should look to a legal malpractice case  Atlas Iron and Metal Co. v. Ashy, 05-458 (La.App. 3 Cir. 1/4/06), 918 So.2d 1205 interpreting La. R.S. 9:5605 to explain why the peremptive period in La. R.S. 9:5606 begins to run as of the date that damages accrue.[1] Burk argues that La. R.S. 9:5605 and La. R.S. 9:5606 are similar malpractice statutes and that under La. R.S. 9:5605, the peremptive period does not begin until a plaintiff has sustained damages. Yet, in Atlas, the Third Circuit noted that with respect to La. R.S. 9:5605's peremptive period:
... peremption begins to run when a client knows or should have known of an act, omission, or negligence by their attorney even though the cause of action may not ripen into a justiciable claim until the client experiences some damages. Id. If no damages are incurred within three years of the act, omission, or negligence, the cause of *814 action and right of action perempts regardless. Id.

Id., 05-458, p. 10, 918 So.2d at 1213 (citing Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1297).
Thus, peremption in legal malpractice cases, as in insurance malpractice cases, begins to run from the date of discovery, not the date that damages begin to accrue. Therefore, the issue we must address is when did Burk know or should have known that its properties did not have flood coverage.
Ms. Dauzat and Alliance maintain that Burk knew or should have known prior to Hurricane Katrina that it did not have flood coverage. They cite two documents as proof that Burk had to know prior to Hurricane Katrina that it did not have flood coverage: the application supplements for policies of insurance for 154 14th Street and 130 Bragg Street, respectively. Both documents identify Burk as the insurance applicant and both documents contain a section entitled "Premium Recap" wherein there is a line for "FLOOD INSURANCE." There are no monetary amounts on the "FLOOD INSURANCE" lines. Indeed, the lines on both documents are blank.
Furthermore, both documents are signed by a Burk representative  Ashley Foto, who was the assistant for the contractor Burk delegated to procure insurance for the subject properties, Emile Van Haelen VI  and are dated June 13, 2005. Mr. Van Haelen paid the insurance amounts due as shown in the "Premium Recap" sections of the respective supplements. We believe that these documents speak for themselves.
Pursuant to La. R.S. 9:5606, the peremptive period began when Burk knew or should have known that Alliance did not procure flood insurance for its properties. Burk at least should have known that its properties did not have flood coverage as of June 13, 2005.
The Louisiana Fifth Circuit addressed a comparable situation in Jambon v. State Farm Fire and Casualty Co., 07-925 (La. App. 5 Cir. 3/11/08), 982 So.2d 131. In Jambon, the plaintiffs sued their homeowner and flood insurance company, State Farm Fire and Casualty Insurance Company, and their State Farm Agent, for flood losses to their personal possessions in Hurricane Katrina. Id. While the plaintiffs were building a new home they went to their long-time State Farm Agent to purchase insurance on the home. Id. The agent wrote a builder's risk homeowners policy and a flood insurance policy, which only provided coverage on the building since the house was still under construction and unfurnished. Id. The plaintiffs alleged the understanding between the parties was that, when the home was completed and occupied, the agent would include contents in the flood insurance coverage. Id.
When the home was completed and occupied in October of 2004, the plaintiffs averred that their agent inspected the home and assured the family that the dwelling and contents coverage would be placed by State Farm under both the homeowners and flood insurance policies. Id. Nevertheless, after their home was flooded as a result of Hurricane Katrina, the plaintiffs discovered their flood insurance only covered the building and not the contents. Their claim for contents was denied. Id.
The plaintiffs sued State Farm and their agent to recover the cost of the flood-damaged contents of their home. Id. The defendants filed a peremptory exception urging that the action was time barred by La. R.S. 9:5606, which the district court granted. Id.
*815 On appeal, the Louisiana Fifth Circuit upheld the decision of the district court. The Court rationalized:
Prescription commences to run when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Constructive knowledge is whatever notice is sufficient to excite the attention of the injured party and which puts the party on notice that an inquiry is necessary.
It is clear that the Jambons knew when they began construction in August of 2004 that their flood insurance policy did not cover contents. It is also clear that no amendment was made to the policy to include contents in October 2004 when they moved into the home. Further, a renewal certificate of the flood policy was sent to the Jambons in June of 2005. That one-page document showed that the policy covered the dwelling for $202,000 and the contents were not covered. The Jambons paid that premium in July of 2005, and a renewal policy became effective on August 12, 2005.
Although the Jambons stated that they wanted coverage on contents on their flood policy, they do not contend that they received a quote for the additional coverage after they moved into their home.
After reviewing the evidence and considering argument of counsel, the trial court found that the Jambons had sufficient constructive notice that Mr. Belsom [the agent] had failed to add contents coverage to their flood policy at the very latest when they received and paid the renewal of the flood insurance in July of 2005. We do not find manifest error in that finding. Even assuming they thought Mr. Belsom added contents coverage to the existing policy when they moved into their home in October of 2004, the Jambons should have known no contents coverage was added when they received the renewal certificate in June of 2005. Because this action was not filed until August 15, 2006, it is prescribed under the one-year limitation of LSA-R.S. 9:5606.
Id., 07-925, p. 2, 982 So.2d 131.
Determining that the Jambons' action had prescribed pursuant to La. R.S. 9:5606, the Louisiana Fifth Circuit noted the plaintiffs had sufficient constructive notice of their agent's failure to extend their flood coverage to include contents upon receipt of their flood renewal certificate in June of 2005. In the case sub judice, we likewise determine that the one-year peremptive period began when Burk had "sufficient constructive notice" that its properties did not have flood coverage. Considering the record, the company had such notice as of the date the application supplements were signed, June 13, 2005. Therefore, we find that this assignment of error is without merit.
Because we have determined that the instant case is perempted pursuant to La. R.S. 9:5606, we pretermit discussion of the remaining assignments of error.

DECREE
For the foregoing reasons, the judgment of the district court granting summary judgment in favor of Sandy Dauzat and Alliance Insurance Agency Services, Inc., is affirmed.
AFFIRMED.
NOTES
[1] La. R.S. 9:5605(A) states:

A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.