JAMES F. McKAY, III, Judge.
 

 Lin this case, which involves a Hurricane Katrina insurance claim, the plaintiffs, James E. Bates, Jr. and Patricia C. Bates, appeal the trial court’s granting of an exception of peremption in favor of the defendants, Frank B. Capella, III and Allstate Insurance Company. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 James and Patricia Bates first purchased insurance policies from Allstate through Allstate agent Frank B. Capella, III in 1994. In March of 2005, Mr. Bates called Mr. Capella to discuss a change in the hurricane deductible. During this conversation, Mr. Bates requested from Mr. Capella that he provide full coverage. On August 29, 2005, the Bateses’ home was severely damaged by Hurricane Katrina.
 

 On October 24, 2005, Mr. and Mrs. Bates discovered that the rebuild estimate
 
 *1143
 
 on their home was $234,000.00. However, their homeowner’s policy had limits of $162,878.00 for structure, $16,288.00 for other structures, $122,159.00 |2for contents, and up to twelve months of additional living expenses; their flood policy had limits of $150,000.00 for structure and $60,000.00 for contents.
 

 On August 29, 2006, Mr. and Mrs. Bates brought suit against Mr. Capella and Allstate. Specifically with regards to Mr. Capella, Mr. and Mrs. Bates alleged agent negligence and or breach of contract. On April 13, 2009, Mr. Capella filed a motion for summary judgment arguing that the claims were perempted pursuant to La. R.S. 9:5606 and the plaintiffs could not prove that he had made any misrepresentations or breached any duty. On May 8, 2009, a hearing was held on the motion for summary judgment and other matters. However, due to the need for further discovery, the court deferred ruling on the motion for summary judgment.
 

 On November 5, 2009, Mr. Capella filed a motion to reset his motion for summary judgment as well as an exception of per-emption wherein he again argued that all of the plaintiffs’ claims against him were perempted pursuant to La. R.S. 9:5606. On November 20, 2009, the trial court granted Mr. Capella’s exception of per-emption and declared his motion for summary judgment moot. It is from this judgment that Mr. and Mrs. Bates now appeal. DISCUSSION
 

 On appeal, the issue before this Court is whether the trial court properly granted Mr. Capella’s exception of per-emption. Where a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case. La. C.C.P. art. 929. When evidence is introduced and evaluated at the trial of the exception, an appellate court must evaluate subject to the | ^traditional rules governing appellate review of facts.
 
 Parker v. Buteau,
 
 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129. Therefore, “the trial court’s factual determinations regarding preemption [sic]/prescription should not be reversed in the absence of manifest error, as the issue to be decided by the appellate court is not whether the trier if fact was right or wrong, but rather whether the fact finder’s conclusion was a reasonable one.”
 
 Turnbull v. Thensted,
 
 99-0025, p. 5 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, 149. Accordingly, we will not overturn the trial court’s finding of fact unless it is clearly wrong or in the absence of manifest error.
 
 Stobart v. State Through Dept. of Transportation and Development,
 
 617 So.2d 880, 882 (La.1993);
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989).
 

 La. R.S. 9:5606 provides for the time limits for actions against a professional insurance agent. In pertinent part, that statute states:
 

 A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
 

 [[Image here]]
 

 D. The one-year and three-year periods of limitation provided in Subsection
 
 *1144
 
 A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
 

 La. R.S. 9:5606.
 

 In
 
 Burk Property Investments, LLC v. Alliance Insurance Agency Services, Inc.,
 
 2008-0489 (La.App. 4 Cir. 9/10/08), 993 So.2d 810, an insured filed a claim Ragainst its insurance agent alleging that the agent had a duty to advise the insured that it needed to obtain flood insurance for its properties. The insurance agency claimed that plaintiffs claims were perempted under La. R.S. 9:5606 because the plaintiff knew or should have known that it did not have flood coverage in June of 2005 and did not file suit until August 29, 2006. This Court held that the plaintiff received signed application statements for the subject properties that delineated that there was no monetary amount for flood coverage on June 13, 2005. This Court found at that date that the plaintiff knew or should have known it did not have flood insurance. Therefore, the filing of their suit on August 29, 2006, more than one year after June 13, 2005 was untimely pursuant to La. R.S. 9:5606.
 

 In the instant case, Mr. Bates testified that he knew what his limits were for his homeowner’s policy as of August 18, 2005. Therefore, as of August 18, 2005, the plaintiffs knew or should have known what their policy limits were or whether they were underinsured on their homeowner’s policy. The plaintiffs filed suit on August 29, 2006, more than one year after when they knew or should have known what their homeowner’s policy limits and coverages were, and therefore when they knew or should have known whether they were adequately insured. Accordingly, the plaintiffs’ claims regarding their homeowners’ policies against Mr. Capella were perempted pursuant to La. R.S. 9:5606.
 

 Additionally, Mr. Bates received his flood renewal declaration page for the policy in question sometime in October of 2004. Furthermore, in May 2005, the plaintiffs received a notice of an endorsement to their flood policy changing the mortgage holder. This endorsement included a declarations page setting forth the policy limits and coverages. This document was received by the plaintiffs after the alleged March 2005 “fully insured” conversation Mr. Bates testified that he had | swith Mr. Capella. Accordingly, as of May 2005, plaintiffs knew or should have known what their flood coverages and limits were during the time of Katrina and whether they were underinsured or “fully covered.”
 

 CONCLUSION
 

 For the above and foregoing reasons, we affirm the trial court’s granting of the defendants’ exception of peremption.
 

 AFFIRMED.