DRAKE, J.
|2The plaintiffs-appellants, Nancy White and Lisa Supple—former employees at the Louisiana Correctional Institute for Women (LCIW)—and their respective spouses, appeal a designated partial final judgment of the trial court dismissing their claims for negligent infliction of emotional distress, vacating a previous order granting them leave to file an amended petition, and denying them leave to file an. amended petition. Por the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY

This appeal follows remand of the matter to the trial court by a five-judge panel of this court. See Barringer v. Robertson, 2007-0802 (La.App. 1 Cir. 10/31/08), 2008 WL 4763539 (unpublished). White, a registered nurse (RN), and Supple, a licensed practical nurse (LPN), filed a petition for damages[1] on June 22, 2001, and named *922 Enizs Robertson, Helen Travis, Linda Gui-droz, Johnnie W. Jones, and Richard L. Stalder, Secretary, as defendants.[2] The plaintiffs[3] pled facts alleging that their LCIW supervisor, Enizs Robertson, subjected them to intentional infliction of emotional distress (IIED), negligent infliction of emotional distress (NIED), harassment, defamation of character, and invasion of privacy. The plaintiffs alleged the defendants were liable unto them pursuant to La. C.C. [ sart. 2315.[4] Their spouses joined in the petition, alleging entitlement to loss of consortium damages. See La. C.C. art. 2315(B).
Subsequent to the defendants’ answer of the lawsuit, generally denying the allegations, the matter proceeded to a trial by jury on April 24-27, 2006. White and Supple rested following the presentation of their evidence. The defendants then moved for a directed verdict, which the trial court granted, dismissing all of White and Supple’s claims, with prejudice. White and Supple appealed. Barringer, 2008 WL 4763539, at *1.
This court reversed the trial court’s judgment granting the defendants’ motion for a directed verdict and dismissing all of the plaintiffs’ claims. Focusing solely on the plaintiffs’ claims for NIED, this court held:
Based on the testimonial and documentary evidence, we find substantial evidence opposed to the motion. The record contains ample evidence for reasonable and fair-minded jurors in the exercise of impartial judgment to reach different conclusions on whether White and Supple (and their husbands for loss of consortium) are entitled to recover damages for [NIED] based on Robertson’s conduct.
Barringer, 2008 WL 4763539, at *2. This court then remanded the matter to the trial court “to be heard before a jury.” Barringer, 2008 WL 4763539, at *3.
Following appeal and remand, White and Supple filed an amended petition for damages on September 15, 2011. The plaintiffs pled no new facts, nor did they name any additional defendants. The plaintiffs added allegations of racial discrimination and retaliation pursuant to La. R.S. 23:332(A), La. Const, art. I, § 3, 42 U.S.C. 1981, and 42 U.S.C. 1983. Supple added an allegation of disability discrimination pursuant to La. R.S. 23:323(B)(2). The plaintiffs also requested punitive dam *923 ages and attorney’s fees. On September 19, 2011, the trial court signed an order granting the plaintiffs leave of court to file their amended petition 14for damages. The defendants answered the plaintiffs’ amended petition for damages on February 23, 2012, asserting general denials and maintaining their answers and defenses contained in their answer .to the original petition.
On July 18, 2013, the defendants filed a motion for summary judgment. That same day, the defendants also filed a motion for leave to file a supplemental answer, affirmative defenses, and exceptions of prescription, res judicata, and lack of subject matter jurisdiction. The trial court granted the defendants leave to file their supplemental answer, defenses, and exceptions. The defendants urged dismissal of White and Supple’s claims for NIED through the declinatory exception raising the objection of lack of subject matter jurisdiction, arguing that the plaintiffs’ claims were subject to the exclusive remedy provisions of the Louisiana Workers’ Compensation Act, La. R.S. 23:1032. The defendants also urged dismissal of White and Supple’s claims for racial discrimination and retaliation, and Supple’s claim for disability discrimination, through the peremptory exception raising the objection of prescription, arguing that claims under La. R.S. 23:332(A) and 23:323(B)(2), 42 U.S.C.1981, and 42 U.S.C.1983 are subject to a one-year liberative prescriptive period, and as such, the plaintiffs’ assertions of such claims in their amended petition were prescribed. The defendants also urged dismissal of the plaintiffs’ claims for defamation and invasion of privacy through the peremptory exception raising the objection of res judicata, arguing that White and Supple failed to appeal those claims following the rendition of the May 10, 2006 judgment granting the defendants’ motion for directed verdict. The plaintiffs opposed the defendants’ exceptions. Wé noté that in their opposition, the plaintiffs stated their intention not to pursue any claims for invasion of privacy or defamation at trial in this matter.
The trial court set the hearing on the defendants’ motion for summary judgment and exceptions for August 7, 2013, with a jury trial set to begin on 1 ¡August 19, 2013. At the hearing on the defendants’ motion for summary judgment and exceptions, the trial court denied the defendants’ motion for summary judgment. The trial court also dismissed as moot the defendants’ peremptory exception raising the objection of res judicata. The trial court sustained the defendants’ declinatory exception raising the objection of subject matter jurisdiction, dismissing White and Supple’s claims for NIED. Through oral motion of the defendants, the. trial court converted the defendants’ peremptory exception raising the objection of prescription into a motion to vacate the September 19, 2011 order, which granted the plaintiffs leave to file their amended petition for damages, and then the trial court granted the motion to vacate. The trial court also denied the plaintiffs’ oral motion for leave to file their amended petition. The trial court signed a judgment on November 20, 2013, and after determining there was no just cause for delaying appellate review of the ruling, designated the judgment as a final, partial judgment. See La. C.C.P. art. 1915(B). The trial court gave written reasons for the Article 1915(B) certification on November 21, 2013.
The plaintiffs now appeal.[5]
*924 I cJLAW AND DISCUSSION

Dismissal of Plaintiffs’ NIED Claim for Lack of Subject Matter Jurisdiction

The first issue before this court is whether the trial court erred in sustaining the defendants’ objection of lack of subject matter jurisdiction and dismissing the plaintiffs’ claims for NIED. Subject matter jurisdiction is a threshold issue insofar as a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3. Jurisdiction is the legal power and authority of a court to hear and determine an action of the parties and to grant the relief to which they are entitled. La. C.C.P. art. 1. Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The issue of subject matter jurisdiction addresses the court’s authority to adjudicate the cause before it. The issue may be raised at any time and at any stage of an action. Whittenberg v. Whittenberg, 97-1424 (La.App. 1 Cir. 4/8/98), 710 So.2d 1157, 1158. Subject matter jurisdiction cannot be waived by the parties. La. C.C.P. art. 925; Iberia-Bank v. Live Oak Circle Dev., L.L.C., 2012-1636 (La.App. 1 Cir. 5/13/13), 118 So.3d 27,30.
Where the lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the defendant to offer evidence in support of the declinatory exception. La. C.C.P. art. 930; Dickens v. Louisiana Correctional Institute for Women, 2011-0176 (LaApp. 1 Cir. 9/14/11), 77 So.3d 70, 73. When evidence is introduced at trial on an objection of lack of subject matter jurisdiction, appellate review is governed by the rules applicable to review of facts. See Bates v. Allstate Ins. Co., 2010-0234 (La.App. 4 Cir. 9/29/10), 48 So.3d 1141, 1143. Thus, we will not disturb the trial court’s finding of fact in the absence of |/‘manifest error” or unless it is “clearly wrong.” See Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
The defendants argued that the plaintiffs’ NIED claims are subject to the exclusive remedy provisions of the Louisiana Workers’ Compensation Act, La, R.S. 23:1032 et seq., and as such, the trial court lacked subject matter jurisdiction to hear those negligence claims. The plaintiffs argue that the trial court erred in sustaining the defendants’ exception and erred by faffing to apply the “law of the case” established by the October 31, 2008 decision of this court in the same matter. See Bar-ringer, 2008 WL 4763539.
The law-of-the-case doctrine embodies the principle that an appellate court generally does not revisit its own rulings of law on a subsequent appeal in the same case. State ex rel. Div. of Admin., Office of Risk Mgmt. v. Natl. Union Fire Ins. Co. of Louisiana, 2013-0375 (La. App. 1 Cir. 1/8/14), 146 So.3d 556, 562. The law-of-the-case doctrine is a discretionary guide which relates to: (a) the binding force of a trial judge’s ruling during the later stages of trial; (b) the conclusive effects of appellate rulings at trial on *925 remand; and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. State ex rel. Div. of Admin., Office of Risk Mgmt., 146 So.3d at 562. It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. State ex rel. Div. of Admin., Office of Risk Mgmt., 146 So.3d at 562. The reasoning behind the law-of-the-case doctrine is to avoid re-litigation of the same issue, to promote consistency of result in the same litigation, and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. State ex rel. Div. of Admin., Office of Risk Mgmt., 146 So.3d at 562. Re-argument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. State ex \¿rel. Div. of Admin., Office of Risk Mgmt., 146 So.3d at 562. The law-of-the-case doctrine is not an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. State ex rel. Div. of Admin., Office of Risk Mgmt., 146 So,3d at 562-63. The doctrine is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. State ex rel. Div. of Admin., Office of Risk Mgmt, 146 So.3d at 562-63. The doctrine applies only against those who were parties to the case when the earlier decision was rendered, and who thus have had their day in court. State ex rel. Div. of Admin., Office of Risk Mgmt, 146 So.3d at 562-63.
In the prior decision of this court in the same matter, the court stated:
The trial court dismissed Supple and White’s claims for negligent infliction of emotional distress based on the exclusivity provision in the workers’ compensation law. Although Supple and White have challenged this ruling, on appeal, defendants concede that the claim for negligent infliction of emotional distress is not barred by the exclusivity provision of workers’ compensation [citing Richardson v. Home Depot USA, 2000-0393 (La.App. 1 Cir. 3/28/01), 808 So.2d 544 (wherein the court held that the exclusive remedy provision of the Louisiana Workers’ Compensation Act does not bar all negligent infliction of emotional distress claims filed in tort against an employer.) ]. Accordingly, the issue before us is whether, based on the evidence presented, a reasonable juror could have concluded that White and Supple satisfied their burden of proving entitlement to recovery for negligent infliction of emotional distress.
Barringer, 2008 "WL 4763539, at *2. This court went on to state:
Based on the testimonial and documentary evidence, we find substantial evidence opposed to the motion. The record contains ample evidence for reasonable and fair-minded jurors in the exercise of impartial judgment to reach different conclusions on whether "White and Supple (and their husbands for loss of consortium) are entitled to recover damages for negligent infliction of emotional distress based on Robertson’s conduct.
| aThis court then reversed the trial court’s judgment dismissing all the plaintiffs’ claims, and remanded the matter to be heard before a jury Barringer, 2008 WL 4763539, at *3.
In the reversal of the trial court’s judgment in the previous appeal, this court expressly ordered that upon remand of the case to the trial court, the matter (specifically, the NIED claims) would be heard before a jury. No writs were taken to the *926 Louisiana Supreme Court in the previous appeal. This issue is now final and the law of the case.
Based on our review of the record, as well as the applicable law, there is no indication this court committed palpable error in the previous appeal, nor is there any indication that if the law of the case were applied in this instance, manifest injustice would occur. Thus, the trial court erred in sustaining the defendants’ objection of lack of subject matter jurisdiction and dismissing the plaintiffs’ claims for NIED. This assignment has merit.

Denial of Leave to Allow Plaintiffs to File Amended Petition

The second issue before this court is whether the trial court erred in: (i) orally converting the defendants’ peremptory exception raising the objection of prescription into a motion to vacate the September 19, 2011 order granting plaintiffs leave to file their amended petition,[6] and granting the motion to vacate; and (ii) denying the plaintiffs’ motion for leave to file their amended petition.[7]
The Louisiana Civil Law Treatise, Civil Procedure § 6:10 (2d ed.), provides:
Courts and counsel frequently treat the terms supplemental pleading and amended pleading as | insynonymous. However, they are separate concepts. An amended pleading either restates the allegations of a claim or defense which were imperfectly stated, or adds a new claim or defense which existed, but was not pleaded, when the original pleading was filed. A supplemental pleading sets forth a new claim or defense, or an item of damages, which arose after the filing of the original pleading.
The distinction is important, because the rules governing amended pleadings are much more liberal. Amendment sometimes may be effected without leave of court, and pre-amendment notice to the opposing party may not be required. A supplemental pleading is permissible only if there is sufficient connexity with the claim or defense initially asserted, and only after a contradictory hearing against the opposing party.
1 La. Civ. L. Treatise, Civil Procedure § 6:10 (2d ed.) (internal citations omitted).
After an answer has been filed, the authorization of the filing of an amending petition is within the discretion of the trial judge. La. C.C.P. arts. 1151 and 1155; Heritage Worldwide, Inc. v. Jimmy Swaggart Ministries, 95-0484 (La.App. 1 Cir. 11/16/95), 665 So.2d 523, 527, writ denied, 96-0415 (La.3/29/96), 670 So.2d 1233. Thus, a trial judge’s ruling granting an amendment to the pleadings will not be disturbed on appeal unless an abuse of discretion has occurred that indicates a possibility of resulting injustice. Rainey v. Entergy Gulf States, Inc., 2001-2414 (La.App. 1 Cir.11/8/02), 840 So.2d 586, 589, on reh’g., 2001-2414 (La.App. 1 Cir. 6/25/04), 885 So.2d 1193. Amendments should be permitted if: (1) the movant is acting in good faith; (2) the amendment is not being used as a delaying tactic; (3) the opponent will not be unduly prejudiced; and (4) the trial will not be unduly delayed. *927 Rainey, 840 So.2d at 589-90. Good faith is a reasonable belief that the facts alleged in the proposed amendment are true Rainey, 840 So.2d at 590.
We must determine whether the plaintiffs’ pleading entitled “Amended Petition for Damages” constitutes an “amendment” or a “supplement.” A supplemental pleading differs from an amended pleading in that an amended hipleading involves matters that occurred before the original complaint was filed, which were either overlooked by the pleader or were unknown to him at the time, while a supplemental pleading covers issues or causes of action that have arisen since the filing of the original petition, which relate to the issues or actions contained in the original petition. Gilchrist Const Co., L.L.C. v. State, Dept. of Transp. and Dev., 2013-2101 (La.App. 1 Cir. 3/9/15), 166 So.3d 1045, 1051, writ denied, 2015-0877 (La.6/30/15), 172 So.3d 1097.
Under La. C.C.P. art. 1151, a petition may be amended after an answer has been filed “by leave of court.” On September 19, 2011, the trial court signed the bottom portion of the amended petition entitled “Order,” which stated that the plaintiffs were “GRANTED leave of Court to file this Amended Petition for Damages.” Thus, La. C.C.P. art. 1151 was satisfied. Furthermore, the plaintiffs pled no new facts, nor did they name any additional defendants. The plaintiffs merely added allegations of racial discrimination and retaliation pursuant to La. R.S. 23:332(A), La. Const, art. I, § 3, 42 U.S.C. 1981, and 42 U.S.C. 1983 under the facts pled in their original petition and presumably under the facts to be established at trial.[8] Additionally, Supple added an allegation of disability discrimination pursuant to La. R.S. 23:323(B)(2). The racial discrimination and retaliation claims, as well as the disability discrimination claim, related to matters that occurred before the original petition for damages was filed. These claims were either overlooked by the pleaders or were unknown to them at the time. Furthermore, it does not appear, based on our review of the record, that the plaintiffs are acting in bad faith, using their amended petition as a delaying tactic, or unduly prejudicing the defendants. While the defendants argue that the plaintiffs’ amended petition for damages was filed in 2011, ten years after thej^filing of the original petition for damages, we note that a jury trial took place in 2006 and after the plaintiffs appealed that judgment to this court following the trial, the decision in the appeal was not handed down until 2008.
Thus, pursuant to La. C.C.P. art. 1153, the racial discrimination, retaliation, and the disability discrimination claims arose out of the conduct, transaction, and occurrence set forth in the original pleading; therefore, the amendments relate back to the date of the filing of the original pleading. We hold that the trial court abused its discretion in granting the defendants’ motion and vacating the September 19, 2011 order granting plaintiffs leave to file their amended petition, as well as in denying the plaintiffs’ leave to file their amended petition. This assignment of error has merit.

DECREE

Therefore, the portion of the November 20, 2013 judgment of the trial court that sustained the defendants’ declinatory exception raising the objection of subject *928 matter jurisdiction is reversed. Furthermore, the portion of the November 20, 2013 judgment of the trial court that granted the defendants’ motion to vacate the September 19, 2011 order granting the plaintiffs leave to file their amended petition for damages is reversed. Finally, the portion of the judgment that denied the plaintiffs leave to file their amended petition for damages is reversed. The judgment is affirmed in all other aspects, and we remand this matter to the trial court for further proceedings consistent with the views expressed herein. All costs of this appeal, in the amount of $3,115.00, are assessed against the defendants.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.
WELCH J., concurs in result without reasons.

. Several other co-employees who were originally named as plaintiffs in this suit dismissed *922 their claims against the defendants leaving only those claims of White, Supple, and the plaintiff, Sandra Kaigler; however, Kaigler did not appeal the dismissal of her claims in the first appeal of this matter, and thus, that judgment of dismissal acquired the authority of the thing adjudged. See Barringer, 2008 WL 4763539, at *1 n. 1, see also La. C.C.P. art. 2166 and Nunez v. Commercial Union Ins. Co., 2000-3062 (La.2/16/01), 780 So.2d 348, 349 (per curiam).

.We note that the May 10, 2006 final judgment and the November 20, 2013 designated partial final judgment of the trial court include the State of Louisiana, through the Department of Public Safety and Corrections (DPSC), as a named defendant; however, based on the record, the DPSC has never been named or joined as a defendant in this lawsuit by any party.

. It is undisputed that White and Supple were classified civil service employees; however, White seeks damages beyond the scope of those of the Commission’s jurisdiction, and Supple voluntarily resigned from her civil service employment. Thus, their claims are not circumscribed by the exclusive jurisdiction of the Commission. See Baninger, 2008 WL 4763539, at ⅜1 n. 2; see also McCain v. City of Lafayette, 98-1902 (La.App. 3 Cir. 5/5/99), 741 So.2d 720, 724-28.

. "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. C.C. art. 2315(A).

. The plaintiffs moved to reduce costs on appeal, and a hearing on their motion was held on May 22, 2014, wherein the trial court ordered the plaintiffs to pay $6,135.81 for their appeal. The Iberville Parish Clerk of Court moved to dismiss the appeal when the *924 plaintiffs failed to pay their appeal charges. The trial court dismissed the plaintiffs’ appeal on July 28, 2014. Following a hearing on the plaintiffs’ motion for reconsideration and to vacate the July 28, 2014 order dismissing the plaintiffs’ appeal, the trial court vacated the order of dismissal, reinstated the plaintiffs' appeal, and ordered the plaintiffs to pay the previously ordered sum of $6,135.81. We also note that the trial court granted the plaintiffs a continuance of the trial date, pending the plaintiffs' appeal of the November 20, 2013 judgment to this court.

. Although we pretermit discussion of whether orally converting a peremptory exception raising the objection of prescription into a motion to vacate an order of the court is a proper procedural device, we do note, however, that it was an unusual procedural action undertaken by the trial court.

. We note that although an interlocutory judgment, such as a denial of a motion for leave to file an amended petition, is not generally appealable, it is subject to review by an appellate court when an appealable judgment is rendered in the same case. See Wright v. Bennett, 2004-1944 (La.App. 1 Cir. 9/28/05), 924 So.2d 178, 190.

. We note that pursuant to the designation of the record to reduce the plaintiffs’ appeal costs, the transcript of the jury trial held April 24-27, 2006, was not made part of the record on appeal in this instance.