1JAMES F. McKAY III, Judge.
The appellants, S. Parish Oil Company[1] (S.Parish) and I.G. Petroleum L.L.C. (IG), come before this Court seeking a reversal of the trial court’s judgment granting the appellees’, Slater Law Firm (Slater), W. Malcolm Stevenson and Kevin M. Wheeler, declinatory exception of lack of subject matter jurisdiction and dilatory exception of prematurity.[2] The appellants are additionally seeking a stay order in the case sub judice pending the outcome of the matter involving a Chapter 11 bankruptcy *1058 in the United States Bankruptcy Court for the Eastern District.
The appellees argue that the state court lacked jurisdiction over this matter based on an argument that the matter pending in state court involves core issues germane to the ongoing case in the United States Bankruptcy Court and that the Bankruptcy Court has sole and exclusive jurisdiction over the issues in the case sub judice pursuant to 28 U.S.C. § 1334, which provides as follows:
(a)Except as provided in subsection (b)of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
| j>(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
(d) Any decision to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
(e)The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.
The appellees are correct that the jurisdiction of the bankruptcy courts is grounded in and limited by the provisions of 28 U.S.C. § 1334. Celotex Corp. v. Edwards, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). Section 1334 lists four types of matters over which the federal district court has jurisdiction: 1) cases “under Title 11;” 2) proceedings “arising under” Title 11; 3) proceedings “arising in” a case under Title 11; and 4) proceedings “related to” a case under Title 11. The federal district courts have exclusive jurisdiction over only one of |3these four categories, “cases under Title 11.” 28 U.S.C. § 1334(a). Federal jurisdiction of the remaining three categories is “original, but not exclusive.”
The appellants argue that their legal malpractice claim is not a case under Title 11, and as such federal jurisdiction is not exclusive; we agree. While it is arguable that the legal malpractice is “related to” a case under 28 U.S.C. § 1334(b), it is also likely that there are claims in the malpractice action that are unrelated to *1059 the bankruptcy issue and clearly under the auspice of Louisiana state courts.
The trial court granted the appellees’ declinatory exception of lack of subject matter jurisdiction and dilatory exception of prematurity. The effect of this judgment if allowed to stand would be to virtually dismiss the appellants’ state action. See. La.C.C.P. articles 932 and 933.
On June 21, 2002, Judge Kingsmill presided over a matter in bankruptcy court, Bankruptcy Number 91-11695, Adversary Proceeding # 01-01372, where Slater sought a declaratory judgment attempting to have declared that they did nothing wrong in their representation of S. Parish. Judge Kingsmill, the presiding bankruptcy judge, stated that
The Court finds nothing in the post-confirmation dealings of the Debtor, and whatever involvement the Plaintiffs (Slater)(emphasis added) had with those dealings that is related to the implementation and execution fo [sic] of the Debt- or’s plan. There is nothing in the plan (reorganization)(emphasis added) that addresses the Debtor’s legal representation or the payment for that representation. The Plaintiffs would like the Court to declare that they did nothing wrong in their representation of the Debtor. This is not within the Court’s post-confirmation jurisdiction.
14 Judge Kingsmill dismissed the matter, but Judge Marcel Livaudais of the United States District Court for the Eastern District reversed his judgment in Civil Action No. 02-2273 on October 8, 2002. Judge Livaudais stated in his judgment that
The malpractice action in state court was a collateral attack on the administration of the plan of reorganization during the pendency of the bankruptcy proceeding. The Debtor’s claims against Slater in the state action clearly challenges the bankruptcy court’s decisions relating to the administration of the Debtor’s confirmed plan, including its orders authorizing payment of Slater’s fees from the debtor’s escrowed. Fifing that action in state court was an attempt at forum shopping to avoid litigating in the federal bankruptcy court [sic] Debt- or’s claims [sic] that its confirmed reorganization plan was negligently administered. However, since the state court action has been dismissed, there is no race to the courthouse, and the federal forum is an appropriate forum for the declaratory judgment action.[3]
The appellant turned to our state courts as the forum for their legal malpractice claims. In that same action the appellees failed to have the matter removed but chose to file an exception of lack of subject matter jurisdiction asserting the Bankruptcy Court’s exclusive jurisdiction pursuant to 28 U.S.C. § 1334 and an exception of prematurity. Despite Judge Lividaius’ footnote in his order and reasons, our reading of this statute does not necessarily confer exclusive jurisdiction to the bankruptcy court in this particular instance. We are in concurrence with Judge Kings-mill on this issue. The United States District Court has reversed Judge Kingsmill’s opinion and remanded the matter to Bankruptcy 15Court.[4] Therefore, we effectively *1060 have no alternative then but to wait for the outcome of the matter in Bankruptcy Court to establish a complete and full record in this matter for the trial court to make a well-founded decision on which issues if any may be viable state claims.
In the interest of judicial economy and equity we find that the trial court erred in granting either of the exceptions. For this reason we vacate the trial court’s judgment and order the trial court stay further proceedings pending the final disposition of the matter in the United States Bankruptcy Court for the Eastern District of Louisiana. At that time both parties can reassert their claims.
JUDGMENT VACATED; STAY ORDERED.

. S. Parish is a debtor in an ongoing Chapter 11 reorganization bankruptcy in the United States Bankruptcy Court for the Eastern District.

. This state matter arises out of an action filed in the Civil District Court for the Parish of Orleans where the appellants presented a claim for damages against Slater for legal malpractice concerning legal representation of S. Parish.

. In Judge Livaudais Order and Reasons FN 1 states, “ Defendants' opposition points out that the state court's decision dismissing their malpractice action is on appeal and may be reversed. However, because this Court decides that the matter is within the exclusive jurisdiction of the bankruptcy court, that issue is moot”

. Following the submission of this case, the United States Court of Appeals, Fifth Circuit, dismissed the appeal of Judge Kingsmill’s order on March 21, 2003. Such reaffirms our *1060 conclusion that further action in the state court proceedings must await federal court action.