1 .GAIDRY, J.
This is a legal malpractice action brought by the plaintiff-appellant, John G. *192 Augman, against his former criminal defense counsel, the defendant-appellee, M. Craig Colwart, arising from a criminal prosecution of Mr. Augman. From a judgment sustaining a dilatory exception raising the objection of prematurity and dismissing his petition, Mr. Augman appeals, We reverse and remand this action to the trial court.
FACTUAL AND PROCEDURAL BACKGROUND
According to his petition in this matter, Mr. Augman was charged with the criminal felony offense of possession of a firearm by a convicted felon, La. R.S. 14:95.1, in proceedings in the 16th Judicial District Court for St. Mary Parish. The court assigned him counsel from the St. Mary Parish Indigent Defender’s Office based on his indigent status. Mr. Augman’s defense was undertaken by Mr. Colwart, the chief indigent defender, and an assistant, Lyn-den Burton.[1] Following a jury trial, Mr. Augman was convicted as charged on October 23, 2001. His conviction was ultimately affirmed on appeal, although the original sentence was amended.[2]
Mr. Augman filed his petition in this matter on October 22, 2002. His petition alleges that Mr. Colwart committed a number of acts constituting malpractice during his representation of Mr. Augman through the conclusion of the trial, including failing to seek enforcement of a supposed plea bargain that would have allowed entry of a plea to a misdemeanor under La. R.S. 14:95, misrepresenting the terms of the supposed plea bargain, failing to properly supervise Mr. Burton, failing to issue certain trial subpoenas, and |aconflict of interest, among others. He further alleges that Mr. Colwart is liable for acts constituting breach of contract, fraud, and conspiracy to deprive him of his constitutional rights prior to his conviction.
On December 2, 2002, Mr. Colwart filed an Exception of Prematurity in response to the petition. The hearing on the exception was held on March 14, 2003. Following the hearing, the trial court sustained the exception. Its judgment sustaining the exception and dismissing this action without prejudice was signed on March 17, 2003. Mr. Augman then instituted this appeal.
ISSUE PRESENTED
Is a civil petition alleging legal malpractice in representing a criminal defendant premature pending the final disposition of the criminal proceeding?
ANALYSIS
The issue presented for our determination necessarily requires us to examine the law pertaining to when a cause of action for legal malpractice arises. Jurisprudence relating to prescription or peremption of legal malpractice claims is particularly helpful in this regard, as such cases frequently hinge upon when the running of prescription or peremption commences.
The leading case on the issue of when a cause of action for legal malpractice arises is that of Braud v. New England Insurance Company, 576 So.2d 466 (La.1991). There, the plaintiffs sued their former attorney for his alleged negligence in improperly obtaining and confirming a *193 default judgment that was sought to be annulled. The legal malpractice suit was filed more than a year after the allegedly negligent acts and more than a year after the action of nullity was filed. The court of appeal reversed the trial 14court’s judgment sustaining a peremptory exception of prescription, holding that prescription did not commence until the underlying nullity action was concluded. The supreme court reversed, agreeing with the trial court that the cause of action accrued when the nullity action was filed, explaining:
Until the client suffers appreciable harm as a consequence of his attorney’s negligence, the client cannot establish a cause of action for malpractice. The cause of action arises, however, before the client sustains all, or even the greater part, of the damages occasioned by his attorney’s negligence. Any appreciable and actual harm flowing from the attorney’s negligent conduct establishes a cause of action upon which the client may sue. [Citations omitted.]
Id. at 468.
Here, the ultimate harm of which Mr. Augman complains, his conviction, sentencing, and incarceration for violation of La. R.S. 14:95.1, clearly occurred prior to the filing of this action. Accordingly, on that ground alone, his petition would not appear to be premature. This conclusion is reinforced by additional jurisprudential authority.
Louisiana Revised Statutes 9:5605 is the statute of limitations relating to legal malpractice claims “whether based upon tort, or breach of contract, or otherwise.” La. R.S. 9:5605(A); Carter v. Schott, 96-2722, p. 4 (La.App. 1st Cir.2/20/98), 707 So.2d 1048, 1050. Thus, the multiple, overlapping theories of recovery set forth in the petition do not change the scope of our analysis. The statute provides that a legal malpractice action must be filed “within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered,” but in no event later than three years from the date of the negligent occurrence.
Regardless of the questionable merits of the alleged cause of action, we conclude the trial court erred in sustaining the dilatory exception. | ¡¡Defamation and wrongful prosecution suits are not fairly analogous to this legal malpractice claim, as those causes of action are subject to limitation by prescription, rather than peremption. La. R.S. 9:5605 is a peremptive rather than a prescriptive statute, and the peremptive period may not be suspended for any reason. La. R.S. 9:5605(B); Reeder v. North, 97-0239, pp. 12-13 (La.10/21/97), 701 So.2d 1291, 1298-99.
The plaintiff in Reeder originally sued in federal court on July 10, 1989, to recover damages sustained as the result of an alleged check kiting and Ponzi scheme, alleging violation of state and federal securities laws. His complaint was dismissed by the district court, and that dismissal was affirmed on appeal. Pending the appeal, the plaintiff had filed a separate state court action against the same defendants, asserting other claims arising under Louisiana law. That action was ultimately dismissed on the grounds that the federal judgment was res judicata as to the omitted Louisiana law claims. The plaintiff then sued his attorneys on September 15, 1994, for their negligence in fading to include the Louisiana law claims in the federal suit. The court of appeal held that “until the judgment giving rise to the malpractice claim becomes definitive, a legal malpractice claim does not ripen into a cause of action.” Reeder v. North, 96-165, p. 10 (La.App. 5th Cir.11/14/96), 683 So.2d *194 912, 916. In that vein, it held that the plaintiffs claim did not “ripen” until the U.S. Supreme court denied certiorari in the federal action, and that since suit was filed within a year of that date, it was timely. The supreme court squarely rejected the court of appeal’s conclusion that the peremptive period did not begin to run until the U.S. Supreme Court denied cer-tiorari. It likewise rejected the plaintiffs argument that “his malpractice claim might have been dismissed as premature” if filed while the underlying action was still on appeal, citing Braud, supra. Reeder, 97-0239 at p. 7, 701 So.2d at 1296. It expressly recognized “the perceived inequities of this statute,” but held that the date of the negligent act itself, not the judgment giving definitive effect to that act, triggers the one-year and three-year periods. Id. While also recognizing the possibility that “a person’s claim may be extinguished before he realizes the full extent of his damages,” the court held that the establishment of a peremptive statute of limitations is “exclusively a legislative prerogative.” Reeder, 97-0239 at p. 9, 701 So.2d at 1296. In her dissent, Justice Johnson expressed the contrary view that a client should not be “required to file suit against his attorney while the [original] suit is being litigated and before a judgment is definitive,” and that his cause of action for malpractice should not “ripen into a legal malpractice claim until ... all legal avenues were exhausted.” Reeder, 97-0239 at p. 1 (dissenting opinion), 701 So.2d at 1300.
Here, the issue is the “other side of the coin.” If the plaintiff in a legal malpractice claim cannot urge the suspension of peremption of his cause of action, or that his cause of action does not “ripen” and the peremptive period does not begin until a definitive judgment in the original litigation, then it seems obvious that the defendant may not urge prematurity as a defense on the same grounds. To hold otherwise would lead to the absurd result that a suit for legal malpractice would always be premature pending a final and definitive judgment on the relevant issue in an underlying action, even if the per-emptive period accrues prior to that time, extinguishing the cause of action. Such an interpretation is not only unreasonable, but patently unjust. The supreme court’s holdings in Braud and Reeder compel .the conclusion that the dilatory exception pleading prematurity is not properly applicable to this cause of action.
7In reaching the foregoing conclusions in the context of the narrow issue presented, we express no opinion as to either the merits of Mr. Augman’s allegations or whether his cause of action is perempted or not.
DECREE
The judgment of the trial court, sustaining the dilatory exception of the defendant-appellee, M. Craig Colwart, and dismissing the petition without prejudice, is reversed, and the action is remanded for further proceedings consistent with this opinion. All costs of this appeal are assessed to the defendant-appellee, Mr. Col-wart.
REVERSED AND REMANDED.

. Mr. Burton was not named as a party defendant nor served with the petition. Also named as defendant, in addition to Mr. Col-wart, was "ABC Insurance Company,” a fictitious designation for Mr. Colwart’s unknown professional liability insurer.

. State v. Augman, 02-0657 (La.App. 1st Cir.5/9/03), 844 So.2d 424 (unpublished opinion).