MAX N. TOBIAS, JR., Judge.
1, Denis J. Dwyer (“Dwyer”), the plaintiff/appellant, appeals a judgment that dismissed his lawsuit against the defendants/appellees, (a) David A. Binegar (“Binegar”); (b) Binegar Christian, L.L.C.; (c) Bryan C. Reuter (“Reuter”); (d) Stanley, Flanagan and Reuter, L.L.C., (hereinafter the “defendant lawyers”); (e) CNA Insurance Company (“CNA”); and (f) Westport Insurance Corporation. After reviewing the record and applicable law, we reverse the judgment below, finding that the trial court erred in granting the exceptions of prematurity and no right of action filed by all the defendants, except CNA.[1]
In May 2006, Dwyer invested $250,000.00 -with MBS Realty Investors, Ltd., (“MBS”), a partnership, for which he was to receive and did receive “dividends.” For referring other investors to MBS, an additional sum of $11,500.00 was recognized toward the amount of Dwyer’s investment with MBS.
In August 2006, Dwyer made a second investment with MBS in the amount of $250,000.00 and received a further credit for his investment in the sum of 12$5,000.00 for referral of other investors. Dwyer continued to receive “dividends” for the sums invested until the second quarter of 2007 after which the dividend payments stopped. On 80 October 2007, Dwyer received notice by letter from Edwin White (“White”), a partner of MBS, informing him that Michael B. Smuck (“Smuck”), another partner of MBS, had fraudulently misappropriatéd, commingled, and/or converted investment funds of Dwyer and other investors that had been paid to MBS.
On 26 September 2008, the plaintiff and other investors employed the defendant attorneys to prosecute a claim for damages against Smuck, White, and other persons or entities responsible for the conversion, commingling, misappropriation, gross mismanagement of sums invested by him and others in MBS. Dwyer was informed that such a suit had been filed on his behalf.
In late February 2010, Dwyer requested a copy of the lawsuit. On 26 April 2010, Dwyer learned from Binegar that his name had been omitted from the matter entitled, “Ben Louviere, Edward Richardson, Charles and Deborah Settoon, Patrick L. Donahue and Rebecca B. Donahue v. Michael Smuck, et al,” No. 665-161, Division “K”, 24th Judicial District Court for the Parish of Jefferson (the “underlying case”). On 28 April 2010, Binegar filed an amended and supplemental petition adding Dwyer as a plaintiff in the underlying case.
Sometime thereafter, it is alleged that Binegar informed Dwyer that he and the other defendant attorneys “no longer had time” to prosecute his cause of action |sor those causes of action of the other plaintiffs in the underlying case and, therefore, Dwyer should seek other counsel.
On 7 May 2010, Dwyer met with a new attorney who informed him that any cause of action he might have had against the defendants in the underlying action had prescribed. The lawyer explained that the 28 April 2010 amended and supplemental petition adding him as a party plaintiff would not “relate back” to the date that *567 the original suit was filed since Dwyer lacked a “commonality of interest” with the other plaintiffs for whom suit had been timely instituted in September 2008.
In response to the amended and supplemental petition filed on Dwyer’s behalf, the various defendants in the underlying matter filed answers and peremptory exceptions of prescription. The record on appeal does not reflect that the exceptions have been set for hearing or disposed of definitively.
On 30 November 2010, Dwyer filed the instant legal malpractice suit against the defendant attorneys. The malpractice insurers were added later. In May 2011, the defendant attorneys filed exceptions of prematurity, no right of action, no cause of action, and preseription/peremption, seeking to dismiss Dwyer’s lawsuit. The matters were heard on 4 August 2011.
The trial court rendered judgment on 24 August 2011, granting the exceptions of prematurity filed by the defendant lawyers and dismissed Dwyer’s claims without prejudice. The trial court also granted the defendant lawyers’ exceptions of no right of action, dismissing the claims with prejudice. The 14exceptions of prescription/per-emption were pretermitted due to the previous rulings.[2] Finding no just cause for delay, the trial court designated the judgment as final pursuant to La. C.C.P. art. 1915 B.
In its 6 October 2011 reasons for judgment, the trial court found no evidence that Dwyer’s rights in the underlying action had been adversely affected because his claims had not been dismissed as prescribed and, as of the hearing on 4 August 2011, the pending exceptions in the underlying case had not been set for hearing. The court noted that exceptions of prescription had been filed against all the plaintiffs, not just Dwyer, and that no activity has taken place regarding any of the exceptions and affirmative defenses. The court further noted that no exception of prescription had been specifically raised against Dwyer based on the fact that he was added as a party plaintiff in April 2010. Further, the trial court opined that Dwyer provided no evidence that his claims would not relate back and be timely, if such an exception were heard against him.
Finally, the court noted that, even if the defendant lawyers had breached a duty to Dwyer in the context of an attorney-client relationship, the Supreme Court, in Brand v. New England Ins. Co., 576 So.2d 466, 468 (La.1991), stated that “[t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm — not yet realized— does not suffice to create a delictual action.”
IsThis timely appeal followed.
Dwyer has set forth several assignments of error for review. However, they can be summed up as follows:
• Whether the trial court committed legal error in concluding that his lawsuit against the defendant attorneys is premature until an exception of prescription in the underlying case is heard, rather than when the exception is filed; and
• Whether the trial court committed legal error in concluding that he had no right of action for legal malpractice against his former attorneys for failing to timely file a lawsuit on his behalf until an exception of prescription is *568 sustained in the underlying case, rather than when the exception is filed.
Pursuant to La. C.C.P. art. 926, a dilatory exception of prematurity must be specifically pleaded and if not pleaded is waived. The dilatory exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination. Williamson v. Hospital Service Dist. No. 1 of Jefferson, 04-0451, p. 4 (La.12/1/04), 888 So.2d 782, 785.
The time period in which to file a legal malpractice action is found in La. R.S. 9:5605, which states in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
|fiB. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended. [Emphasis supplied.]
A straightforward reading of the statute provides two peremptive periods. Teague v. St Paul Fire & Marine Ins. Co., 07-1384, p. 11 (La.2/1/08), 974 So.2d 1266,1274. Under La. R.S. 9:5605 B, both the one-year and three-year periods are peremptive and, thus, cannot be renounced, interrupted, or suspended under La. C.C. art. 3461. Reeder v. North, 97-0239, p. 9 (La.10/21/97), 701 So.2d 1291, 1297. Thus, legal malpractice actions must be filed no later than one year from the date the plaintiff discovered, or should have discovered, the alleged malpractice but no later than three years from the date of the alleged malpractice, whichever comes first. Brumfield v. McElwee, 07-0548 (La.App. 4 Cir. 1/16/08), 976 So.2d 234.
In Burk Property Investments, L.L.C. v. Alliance Insurance Agency Sewices, Inc., 08-0489, p. 5 (La.App. 4 Cir. 9/10/08), 993 So.2d 810, 814, we held that peremption in legal malpractice cases begins to run from the date of discovery, not the date that damages begin to accrue.
No one contests the fact that Dwyer discovered that he had not been included as a party in the underlying case on 26 April 2010; this legal malpractice action was filed on 30 November 2010, well within one year of that discovery. |7However, the *569 issue of whether his claims in the underlying action are prescribed or relate back has not been addressed. The defendant lawyers argue that Dwyer will not have a cause or right of action against them for legal malpractice until he is dismissed from the underlying suit. This rationale, however, ignores the fact that the three-year peremptive period will accrue on 26 April 2013, approximately one year from now. In other words, if the issues of prescription and relating back are not determined before 26 April 2013, Dwyer’s cause of action for legal malpractice will be extinguished.
In Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1298-99, the plaintiff originally sued in federal court on 10 July 1989, to recover damages sustained as the result of an alleged check kiting and Ponzi scheme, alleging violations of state and federal securities laws. His complaint was dismissed by the district court, and that dismissal was affirmed on appeal. Pending the appeal, the plaintiff filed a separate state court action against the same defendants, asserting other claims arising under Louisiana law. That action was ultimately dismissed on the grounds that the federal judgment was res judicata as to the omitted Louisiana law claims. The plaintiff then sued his attorneys on 15 September 1994, for their negligence in failing to include the Louisiana law claims in the‘federal suit. The court of appeal held that, until the judgment giving rise to the malpractice claim became definitive, a legal malpractice claim did not ripen into a cause of action. In that vein, the appellate court held that the plaintiffs claim did not “ripen” until the U.S. Supreme Court denied certiorari in the federal action.
The Louisiana Supreme Court squarely rejected the court of appeal’s conclusion that the peremptive period did not begin to run until the U.S. Supreme Court denied certiorari. It likewise rejected the plaintiffs argument that “his | smalpractice claim might have been dismissed as premature” if filed while the underlying action was still on appeal. Id. at p. 7, 701 So.2d at 1296. The Court expressly recognized “the perceived inequities of this statute,” but held that the date of the negligent act itself, not the judgment giving definitive effect to that act, triggers the one-year and three-year periods. Id. While also recognizing the possibility that “a person’s claim may be extinguished before he realizes the full extent of his damages,” the Court held that the establishment of a peremptive statute of limitations is “exclusively a legislative prerogative.” Id. at p. 9, 701 So.2d at 1296.
In Augman v. Colwart, 03-0869 (La. App. 1 Cir. 2/23/04), 874 So.2d 191, Aug-man was charged with the criminal felony offense of possession of a firearm by a convicted felon in proceedings in the 16th Judicial District Court for St. Mary Parish. The court assigned him counsel from the St. Mary Parish Indigent Defender’s Office based on his indigent status. Aug-man’s defense was undertaken by the defendant, the chief indigent defender. Following a jury trial, Augman was convicted as charged on 23 October 2001. His conviction was ultimately affirmed on appeal, although the original sentence was amended.
Augman filed his petition against the defendant on 22 October 2002, alleging that Colwart committed a number of acts constituting malpractice during his representation of Augman through the conclusion of the trial. He further alleged that Colwart was liable for acts constituting breach of contract, fraud, and conspiracy to deprive him of his constitutional rights prior to his conviction.
Colwart filed an exception of prematurity in response to the petition. A hearing *570 on the exception was held, after which, the trial court sustained the exception. Aug-man appealed that judgment.
|nThe First Circuit examined the law and the facts presented, stating:
Here, the issue is the “other side of the coin.” If the plaintiff in a legal malpractice claim cannot urge the suspension of peremption of his cause of action, or that his cause of action does not “ripen” and the peremptive period does not begin until a definitive judgment in the original litigation, then it seems obvious that the defendant may not urge prematurity as a defense on the same grounds. To hold otherwise would lead to the absurd result that a suit for legal malpractice would always be premature pending a final and definitive judgment on the relevant issue in an underlying action, even if the peremp-tive period accrues prior to that time, extinguishing the cause of action. Such an interpretation is not only unreasonable, but patently unjust. The Supreme Court’s holdings in Brand v. New England Insurance Company, 576 So.2d 466 (La.1991) ] and Reeder [v. North, 97-0239 (La.10/21/97), 701 So.2d 1291] compel the conclusion that the dilatory exception pleading prematurity is not properly applicable to this cause of action.
Id. at p. 6, 874 So.2d at 194
In S. Parish Oil Co. v. Slater Law Firm, 02-1717 (La.App. 4 Cir. 4/9/08), 844 So.2d 1056, the plaintiff, a debtor in a pending bankruptcy proceeding, brought a legal malpractice action against its attorneys in state court. The defendants argued that the state trial court lacked jurisdiction over the matter based on the argument that the state court matter involved core issues germane to the ongoing bankruptcy case in federal court. The trial court granted the defendants’ declinatory exception of lack of subject matter jurisdiction and dilatory exception of prematurity. The effect of that judgment, if allowed to stand, would virtually dismiss the appellants’ state action.
In the interests of judicial economy and equity, we found that the trial court erred in granting either of the exceptions. For that reason, we vacated the trial court’s judgment and ordered that the trial court stay further proceedings pending | inthe final disposition of the matter in the United States Bankruptcy Court for the Eastern District of Louisiana; at that time both parties could reassert their claims.
Similarly, in the interests of judicial economy and equity, we find that the trial court erred in granting the exceptions of prematurity. Because an exception of prescription may be heard at any stage of the proceeding in the trial court, see La. C.C.P. art. 928 A, it could be sometime until the issue is resolved in the underlying case.[3]
The trial court also held that Dwyer had no right of action. In other words, the defendant attorneys argued at the hearing that they did not have an attorney-client relationship with Dwyer. Louisiana jurisprudence provides that, to establish a claim for legal malpractice, a plaintiff must first prove the existence of an attorney-client relationship. Costello v. Hardy, 03-1146, p. 9 (La.1/21/04), 864 So.2d 129,138.
In St. Paul Fire and Marine Ins. Co. v. GAB Robins N. Am., Inc., OS-331, pp. 8-9 (La.App. 4 Cir. 11/19/08), 999 So.2d 72, 77, we stated:
*571 The existence of an attorney-client relationship turns largely on the client’s subjective belief that it exists. Louisiana State Bar Association v. Bosworth, 481 So.2d 567, 571 (La.1986); Francois v. Andry, 05-0388 (La.App. 4 Cir. 4/5/06), 930 So.2d 995. However, a person’s subjective belief that an attorney represents him must be reasonable under the circumstances. Exhibition [Exposition] Partner, L.L.P. v. King, Le-Blanc & Bland, L.L.P., 03-580 (La.App. 4 Cir. 3/10/04), 869 So.2d 934; Williams v. Roberts, 06-169 (La.App. 3 Cir. 5/31/06), 931 So.2d 1217. The requirement that the belief be reasonable is an objective standard. “The claimant’s subjective belief does not establish an attorney-client relationship unless the lawyer reasonably induced that belief.” Ronald E. Mallen and Jeffrey M. Smith, 1 Legal Malpractice § 8:3 (2008 ed.). For this reason, an attorney client Inrelationship cannot exist in the absence of any initial communication — verbal, written, or otherwise — between the attorney and the client. Lirette v. Roe, 93-0441 (La.App. 4 Cir. 1/13/94), [631 So.2d 503] 631 So.2d 503, 506.
At the 4 August 2011 hearing, Binegar admitted that he represented Dwyer in the underlying matter.[4] Therefore, the trial court clearly erred when it granted the exception of no right of action dismissing Binegar and his law firm. We reverse that part of the judgment.
As to Reuter and his law firm, we find insufficient evidence in the record to support the granting of the exception of no right of action filed by them.[5] Therefore, we reverse that part of the judgment as well.
Consequently, we reverse the judgment of the trial court and remand the matter to the court below. The trial court is to issue a stay of these proceedings, to be lifted in whole or in part in order to facilitate the needs of the parties and to manage these proceedings as warranted. Once the issue of prescription has been determined finally and definitively in the underlying case, this matter may either proceed or be dismissed. To find otherwise could lead to the extinguishment of Dwyer’s cause of action against the defendants before one knows whether a party defendant herein actually may have malpracticed — an absurd result.

REVERSED; REMANDED.

LANDRIEU, J., concurs with reasons.

. CNA is the legal malpractice insurer of Binegar and his law firm.

. The defendant attorneys also filed motions for a protective order; Reuter and his firm filed an exception of res judicata. The trial court held that the exception was not properly before it and that the motions were moot in light of its ruling on the other matters.

. It certainly would, however, behoove Dwyer’s attorney to seek a resolution of that issue in the underlying case sooner rather than later.

. The evidence exists only in the form of an affidavit. An affidavit, except with agreement by the parties, is inadmissible on an exception of no right of action. Live testimony is required. No objection was raised to the use of affidavits in this case by the parties.

. See footnote 4 above. We understand that Reuter and his law firm were listed as co-counsel with Binegar.