723 So.2d 492 (1998)
Sebell E. Chase JONES
v.
McDONALD'S CORPORATION, and City of Baton Rouge and Parish of East Baton Rouge (City-Parish Government).
No. 97 CA 2287.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
*493 Johnnie A. Jones, Sr., Baton Rouge, for Plaintiff/Appellant Sebell E. Chase Jones.
Conrad Meyer, IV, New Orleans, for Defendant/Appellee McDonald's Corporation.
William T. Lowery, Jr., Baton Rouge, for Defendant/Appellee City-Parish Government.
Before LeBLANC, FOGG and PARRO, JJ.
LeBLANC, Judge.
Plaintiff, Ms. Sebell E. Chase Jones (Jones), appeals from a trial court judgment in favor of defendant, McDonald's Corporation (McDonald's), dismissing her claims against McDonald's, with prejudice, and granting a motion for involuntary dismissal in favor of defendant, the City of Baton Rouge/Parish of East Baton Rouge (the City-Parish).

FACTS AND PROCEDURAL HISTORY
This suit involves certain immovable property, lots K and L in Hastings Heights Subdivision in Baton Rouge, acquired by plaintiff on June 29, 1953. On August 12, 1987, Ordinance 8469 was adopted which authorized the City-Parish to accept an offer by McDonald's to purchase property adjacent to lot K. On June 23, 1988, plaintiff, claiming to be the owner of lots K and L, filed suit for damages against McDonald's and the City-Parish. Plaintiff claimed the sale to McDonald's resulted in the abandonment and/or revocation of Helene Street, an unused, unpaved right-of-way which was adjacent to lot K. Plaintiff claimed the following resulting damages from the sale: (1) diminution in valuation as residential property; (2) mental anguish and humiliation due to loss of use and conversion of Helene Street to a privately owned business parking lot; and (3) loss of right of valid ownership in an undivided one half (1/2) of lot "K," or to the naked ownership to the middle of Helene Street. Defendants' exception raising the objection of no right of action was sustained,[1] dismissing plaintiff's suit, but reversed on review by this Court. Jones v. McDonald's Corporation, 618 So.2d 992 (La. App. 1 Cir. 1993). Thereafter, plaintiff filed a second petition, setting forth the same basic allegations. Defendants then filed an exception raising the objections of prescription, peremption, no cause of action and non-joinder of indispensable parties.[2] The trial court sustained defendants' exception raising the objection of prescription, dismissing plaintiff's suit.
This Court reversed the trial court's ruling and remanded plaintiff's suit, stating:
In the present case, the passage of Ordinance 8469 and the sale of the property in question were in compliance with all requirements of form and substance delineated by La. R.S. 33:4712. Since plaintiff did not file a timely protest of the proposed ordinance within the fifteen-day period provided by La. R.S. 33:4712C, any action plaintiff may have had to contest the ordinance on any basis is prescribed. However, the present suit is one for damages. Plaintiff is not contesting the ordinance pursuant to which the sale was made, rather she is seeking an award of monetary damages. The fifteen-day period provided by La. R.S. 33:4712 is not applicable to an ordinary suit for damages. Plaintiff's damages suit, which was filed less than one year after the adoption of the ordinance and the sale of the property, was timely. The trial court erred in applying the fifteen-day period provided by La. R.S. 33:4712 in determining the timeliness of plaintiff's suit for damages.
Jones v. McDonald's Corporation, 94-0277, p. 5 (La.App. 1 Cir. 3/3/95); 653 So.2d 617, *494 620. Plaintiff did not seek to have that judgment revised or modified. See La. C.C.P. art.2083.
McDonald's then filed a motion to strike, requesting all plaintiff's allegations attacking McDonald's title to the property be stricken. McDonald's argued the opinion by this Court, recognizing the finality of the sale and plaintiff's single demand for monetary damages, precluded plaintiff's assertion of any rights of ownership. The trial court agreed, striking plaintiff's claim of ownership and limiting all evidence to plaintiff's claim for monetary damages. The record indicates plaintiff's applications for supervisory writs for review of the trial court's order to strike were denied by this Court and the Louisiana Supreme Court. See Jones v. McDonald's Corporation, 95-2510 (La.App. 1 Cir. 12/19/95); writ denied, 96-0216 (La.3/15/96); 669 So.2d 419.
At trial, no evidence regarding title to the property was allowed.[3] After plaintiff's case in chief, the City-Parish moved for an involuntary dismissal, which was granted. McDonald's then presented its case. Judgment was rendered dismissing all Jones' claims against McDonald's. From this adverse judgment plaintiff appeals, raising two issues: (1) the correctness of the trial court's order to strike; and (2) the correctness of the trial court's finding that plaintiff had suffered no damage.[4]

ISSUE ONE
Plaintiff asserts the trial court's order to strike her allegations regarding her ownership rights was in error. McDonald's argues the motion to strike was properly granted and title was no longer an issue. McDonald's cites, in support, the decision by this court limiting the litigation to plaintiff's claim for money damages, asserting this as the "law of the case".
The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Louisiana Land and Exploration Co. v. Verdin, 95-2579, pp. 3-4 (La.App. 1 Cir. 9/27/96); 681 So.2d 63, 65, writ denied, 96-2629 (La.12/13/96); 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. Brumfield v. Dyson, 418 So.2d 21, 23 (La.App. 1 Cir.), writ denied, 422 So.2d 162 (1982). The reasons for the law of the case doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Louisiana Land and Exploration Co. v. Verdin, 95-2579 at 4; 681 So.2d at 65.
Reargument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. Glenwood Hospital, Inc. v. Louisiana Hospital Service, Inc., 419 So.2d 1269, 1271 (La.App. 1 Cir.1982).
*495 When an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the law of the case, foreclosing relitigation of that issue either at the trial court on remand or in the appellate court on a later appeal. Dupre v. Maynard, 96-1183, p. 3 (La.App. 1 Cir. 3/27/97); 692 So.2d 36, 38, writ denied, 97-1508 (La.9/26/97); 701 So.2d 986. The law of the case doctrine is not an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous. Dodson v. Community Blood Center of Louisiana, Inc., 633 So.2d 252, 255 (La.App. 1 Cir.1993), writs denied, 93-3158, 93-3174 (La.3/18/94); 634 So.2d 850, 851. In the instant matter, we find no such error. Therefore, our prior ruling that the trial court did not err in striking plaintiff's title claim is the law of the case and we will not review this issue on appeal.

ISSUE TWO
In his written reasons for judgment, the trial judge found "[p]laintiff ... did not indicate that the purchase of this property [by McDonald's] in any way interfered with her life.... In fact, the testimony revealed that plaintiff actually moved to another neighborhood prior to the time McDonald's acquired the property." The trial court concluded that plaintiff had failed to establish that she was damaged. The trial court's finding is entitled to great weight and cannot be disturbed absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
The record reflects that plaintiff claims to have been damaged because the lots she purchased originally were corner lots. She stated she wanted to build a particular style house and live on the corner but could not when the lots were no longer on a corner. She also claims the ongoing McDonald's business created a nuisance. However, her testimony indicates she moved to another area of town before the McDonald's restaurant was built and has only visited the lots in question infrequently and for short periods of time. In fact, she stated she has only been inside the restaurant once. She did not state the customers' behavior was unruly or causing damage to her property. After a careful review of the record, we cannot say that the trial court was clearly wrong.

CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be paid by plaintiff, Ms. Sebell E. Chase Jones.
AFFIRMED.
NOTES
[1] Defendants' other exception raising the objection of prescription and motion for summary judgment were not ruled on by the trial court.
[2] Although the record does not contain a similar motion by the City-Parish, or a pleading by the City-Parish adopting McDonald's exception, the judgment states exceptions were filed by both defendants and is in favor of both defendants, McDonald's and the City-Parish.
[3] Before any testimony was heard in this matter, defendants entered a continuing and ongoing objection to any evidence regarding title, and the trial court instructed plaintiff she could make a proffer of any such evidence.
[4] Plaintiff's second issue includes an appeal to the "spirit of the law" and an assertion that property was taken without due process; however, plaintiff has cited no authority nor offered any argument which support these issues. Vogt v. Board of Levee Commissioners of Orleans Levee District, 95-1187 (La.App. 4 Cir. 9/4/96); 680 So.2d 149, writ denied, 96-2430 (La.12/6/96); 684 So.2d 932, and Haspel & Davis Milling & Planting Co. Ltd. v. Board of Levee Commissioners of the Orleans Levee District, 95-0233 (La.App. 4 Cir. 9/4/96); 680 So.2d 159, writ denied, 96-2430 (La.12/6/96); 684 So.2d 932, cited by plaintiff, in our reading stand for the propositions that upon the effective date of specific legislative action, former owners of expropriated land were entitled to all ownership rights in the land and provisions omitted in amending legislation are considered repealed.