DRAKE, J.
1 gThis appeal arises out of the district court’s grant of a motion for summary judgment in favor of defendant/appellee, Aon Risk Services of Louisiana, Inc. (“Aon”), which dismissed all claims against Aon, with prejudice. The State of Louisiana, through the Division of Administration, Office of Risk Management (“ORM”), appeals a judgment of the district court that denied the State’s motion for reconsideration and motion for new trial. For the following reasons, we affirm.

BACKGROUND

This matter began as a negligence action by a motorist against the State Department of Transportation and Development (“DOTD”).[1] The State, through the ORM, eventually brought this suit against the State’s excess insurer.[2] The parties filed cross-motions for summary judgment. The district court granted partial summary judgment to the State and denied summary judgment to the insurer. The insurer appealed, and this court affirmed in part on the issue of the validity of notice to the insurer, and reversed in part on the issue of the insurer’s liability under its policy based on the existence of prejudice.[3] The question now before us is the legal effect the district court must give to the 2011 ruling of this court.
In the prior appeals in this matter, this court made the following findings of fact. Since 1980, the State, through the ORM, has provided self-insurance coverage to participating State offices and agencies. La. R.S. 39:1528 et seq. The Louisiana Legislature has authorized the ORM to purchase insurance through | scommercial carriers when necessary to effectuate the *559 self-insurance program. La. R.S. 39:1535. In 1989, the ORM issued an “Invitation for Bids” for excess insurance coverage for the State and its various agencies. Among the coverages for which bids were sought was “excess road and bridge hazard liability” coverage, in excess of the State’s $5 million per occurrence primary self-insurance, covering claims against DOTD. See State ex rel. Div. of Admin., Office of Risk Mgmt., 56 So.3d at 1239.
Alexander and Alexander, Inc. (later merged into Aon) was an independent insurance agency and brokerage firm that submitted a multi-coverage bid proposal in response to the Invitation for Bids; its proposal was accepted by the State. The proposal included two layers of excess liability coverage for comprehensive general liability and other risks, including road and bridge hazard liability coverage. The Invitation for Bids required that each bid proposal be signed by authorized representatives of both the bidding agent or broker and each insurer providing coverage; upon being signed by an authorized official of the State, a binding contract would exist between Aon and the State. Furthermore, the Invitation for Bids contained a provision mandating that the State would provide a written report to the insurance agent within seventy-two hours of all “occurrences.”
Pursuant to this contract, Aon then procured excess liability coverage for the State through National Union Fire Insurance Company of Pittsburgh, Pennsylvania (“National Union”). The coverage provided in the policy was $20 million coverage in excess of $5 million for road and bridge liability. After Aon’s bid was accepted by the State, National Union issued the excess policy. Aon’s proposal bore the signature of National Union’s regional manager as the “[ajuthorized [ijnsurance [c]ompany representative.” Id. at 1239-40. The policy period at issue was from July 1, 1991, to July 1, 1992. Id. at 1240.
|4Puring the 1991 policy period, a collision occurred in Calcasieu Parish, resulting in a suit being filed against the State.[4] In 1998, the State notified Aon of a possible excess claim and sent it copies of the pleadings in the Odom litigation. In 2000, the State again sent notice to Aon, notifying it of the upcoming trial.[5] It was undisputed that Aon failed to convey the claim information to National Union on either occasion. Id. at 1241.
Following a bench trial in the Odom litigation, the district court rendered judgment against the State in excess of $5 million. Aon sent notice to National Union, advising it of the rendition of judg- *560 raent.[6] After the judgment became final and definitive, the State also sent notice to National Union, along with copies of the judgment, seeking payment under the excess policy of approximately $2.9 million. It was undisputed that these notices, which came after trial and judgment, were the first actual notices sent directly to National Union regarding the Odom claim. Id.
In 2002, National Union advised the State that it declined coverage under its excess policy on the grounds that “the State failed to give [it] timely and adequate notice” of the claim, thereby causing National Union “to suffer significant prejudice.” Id. Thereafter, the current suit was filed by the State against both Aon and National Union. In January 2006, Aon filed a motion for summary judgment, ^seeking its dismissal as a defendant on the grounds that the State’s claim against it was perempted under Louisiana Revised Statutes 9:5606. The district court granted the motion, dismissing the State’s cause of action against Aon. The State appealed, and this court reversed, finding that a genuine issue of material fact existed regarding whether or not Aon’s failure to convey the State’s two notices of the claim to National Union caused prejudice to National Union. Id. at 1242; State ex rel. Div. of Admin., Office of Risk Mgmt. v. Nat’l Union Fire Ins. Co. of La., 2007-1184 (La.App. 1 Cir. 2/8/08), 984 So.2d 91, 96-7, writ denied, 2008-0548 (La.4/25/08), 978 So.2d 370.
In 2009, National Union filed a motion for summary judgment, seeking its dismissal on the basis of its coverage defense of late and inadequate notice of the claim. The State filed a cross-motion for summary judgment, seeking the amount owed by National Union as excess insurer, as well as legal interest, statutory penalties, and attorney fees. State ex rel Div. of Admin., Office of Risk Mgmt., 56 So.3d at 1242. Following a hearing on both motions, the district court denied National Union’s motion and granted the State’s motion, in part, as to the issue of adequacy of the notice of the claim to National Union through Aon. On appeal, this court upheld the denial of National Union’s motion and reversed the granting of the State’s motion on the issue of liability, finding that the notice the State sent to Aon of this litigation constituted valid and legal notice to National Union. However, this court also held that the district court erred in finding liability against National Union based upon lack of prejudice, because “the question of ‘whether, when, and to what extent National Union ... was prejudiced’ by the State’s delay in notifying Aon and National Union of the ... litigation remains an unresolved issue )fiof material fact, precluding summary judgment.” [7] Id. at 1249; State ex rel. Div. of Admin., Office of Risk Mgmt., 984 So.2d at 97.
Thereafter, in July 2011, Aon filed a second motion for summary judgment, seeking to be dismissed from the suit. The State, in seeking a judgment against Aon, alleged that Aon was liable for the “fault, error, and omission ... in failing to notify National Union of the information communicated by the State to Aon.” The State also argued that the law-of-the-case *561 doctrine is discretionary and should not be applied in this matter. In reply, Aon contended that the issue of whether the State’s notice of the underlying claims to Aon constituted legal notice to National Union was final and was the law of the case under the prior ruling of the First Circuit Court of Appeal. National Union, co-defendant to Aon, filed a memorandum addressing the motion. Although National Union did not oppose Aon’s motion, it disputed Aon’s contention that the First Circuit Court of Appeal found that notice to Aon was sufficient and timely notice to National Union. National Union argued the First Circuit Court of Appeal determined that the notice was late and applied the legal factors set forth in earlier ease law to determine if the late notice resulted in non-coverage.
Following the submission of briefs by the parties, the district court granted Aon’s motion for summary judgment, agreeing with Aon that the State’s claim against Aon for failing to notify National Union was moot. The district court held that “although there may be a remaining issue between the State and National Union regarding whether the notice was timely and whether actual prejudice oceurred[,] the issue regarding Aon is final.” The district court issued written reasons for judgment on May 22, 2012. The final judgment, which granted ¡-¡-summary judgment in Aon’s favor and dismissed it from the suit, with prejudice, was signed on October 5, 2012.
Prior to the signing of the final judgment, the State filed a motion to reconsider the ruling on the summary judgment granted in Aon’s favor. After the signing of the final judgment, the State also filed a motion for new trial. Following a joint hearing on the State’s motion to reconsider and motion for new trial, the district court denied both motions. The State now appeals.[8]

LAW AND DISCUSSION

Summary Judgment

The purpose of the summary judgment is to enable the court to expedite the disposition of cases and to put an end to useless and expensive litigation when, as set forth in Louisiana Code of Civil Procedure article 966B, it is properly determined by the court that there is no genuine issue as to any material fact. See La. C.C.P. art. 966A(2) and B(2); see also Omega Const. v. Thornco, Inc., 2007-1806 (La.App. 1 Cir. 8/21/08), 994 So.2d 65, 67. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter *562 of law. La. C.C.P. art. 966B(2). Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” La. C.C.P. art. 966A(2); see also 8Babin v. Winn-Dixie Louisiana, Inc., 2000-0078 (La.6/30/00), 764 So.2d 37, 39. The burden of proof remains with the movant; however, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential element’s of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966C(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schultz v. Guoth, 2010-0343 (La.1/19/11), 57 So.3d 1002,1005.

Law-of-the-Case Doctrine

The State alleges that the district court erred in applying the “law of the case” established by the 2011 decision of this court[9] in this same matter. The law-of-the-case doctrine embodies the principle that an appellate court generally does not revisit its own rulings of law on a subsequent appeal in the same case. See Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass’n, 96-1477 (La.App. 1 Cir. 5/9/97), 693 So.2d 893, 896, writ not considered, 95-0853 (La.4/21/95), 653 So.2d 555. The law-of-the-case doctrine is a discretionary guide[10] which relates to (a) the binding force of a trial judge’s ruling during the later stages of trial; (b) the conclusive effects of appellate rulings at trial on remand; and (c) the rule that an | flappeIIate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Jones v. McDonald’s Corp., 97-2287 (La.App. 1 Cir. 11/6/98), 723 So.2d 492, 494, writ not considered, 98-3057 (La.2/5/99), 737 So.2d 738, citing Louisiana Land and Exploration Co. v. Verdin, 95-2579 (La.App. 1 Cir. 9/27/96), 681 So.2d 63, 65, writ denied, 96-2629 (La.12/13/96), 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. Jones v. McDonald’s Corp., 723 So.2d at 494, citing Brumfield v. Dyson, 418 So.2d 21, 23 (La.App. 1 Cir.), writ denied, 422 So.2d 162 (La.1982). The reasoning behind the law-of-the-case doctrine is to avoid re-litigation of the same issue, to promote consistency of result in the same litigation, and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Jones v. McDonald’s Corp., 723 So.2d at 494, citing Louisiana Land and Exploration Co. v. Verdin, 681 So.2d at 65. Re-argument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. The law-of-the-case doctrine is not *563 an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. Jones v. McDonald's Corp., 723 So.2d at 495. The doctrine is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. Jones v. McDonald's Corp., 723 So.2d at 494, citing Glenwood Hosp., Inc. v. Louisiana Hosp. Serv., Inc., 419 So.2d 1269, 1271 (La.App. 1st Cir.1982). The doctrine applies only against those who were parties to the case when the earlier decision was rendered, and who thus have had their day in court. Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105, 107 (1971).
| inThe State admits that this court previously made a factual finding that the State’s August 1998 notice of the Odom litigation to Aon was legally effective notice as to National Union; however, the State points out that its claim against Aon is an alternative claim:
Alternatively, in the event that notice was not sufficient to preserve petitioner’s claim under the National Union policy, then such failure of notice was due to the fault, error and omission of Alexander [Aon] in failing to notify National Union of the information communicated by petitioner to Alexander [Aon].
The State argues that should this ease ultimately reach the Louisiana Supreme Court, and the supreme court disagrees that the State’s 1998 notice to Aon of the Odom litigation was legally effective notice as to National Union, then the State should be allowed to pursue its claim against Aon. If, however, Aon has been dismissed from the case, the State would be denied the opportunity to pursue its claim.
Aon notes that the district court and this court have both agreed that the State’s notice to Aon was legally sufficient notice to National Union, Aon also contends that the Louisiana Supreme Court has previously denied writs on this court’s 2011 ruling, such that this court’s ruling that the State’s notice to Aon constituted legally effective notice as to National Union is now a “final-final” judgment. See State v. National Union Fire Ins. Co. of La., 2011-0849 (La.6/3/11), 63 So.3d 1023. Aon argues that unless this court is now going to find that its earlier decision constitutes palpable error, the law-of-the-case doctrine mandates that the judgment dismissing Aon be affirmed. See Lejano v. Bandak, 97-388 (La.12/12/97), 705 So.2d 158, 170, cert. denied, 525 U.S. 815,119 S.Ct. 52, 142 L.Ed.2d 40 (1998).
Here, both the district court and this court have held that notice to Aon constituted notice to National Union of the underlying excess claim at issue in this | n litigation. The Louisiana Supreme Court denied writs on this issue.[11] We agree with the district court that there may still be an issue between the State and National Union regarding whether the notice was timely and whether actual prejudice occurred; however, the issue regarding the State’s notice to Aon constituting effective notice to National Union is now final and the law of the case, and we will not review this issue on appeal. Thus, we find that this court’s prior rulings in this matter rendered the State’s alternative claim against Aon moot and subject to dismissal. The district court properly granted summary judgment in favor of *564 Aon, dismissing all claims asserted against it by the State, with prejudice.

DECREE

For the foregoing reasons, the judgment rendered by the district court is hereby affirmed. All costs of this appeal, in the amount of $206.50, are cast to plaintifffap-pellant, the State of Louisiana, through the Division of Administration, Office of Risk Management.
AFFIRMED.
PARRO, J., concurs with the result.

. See Odom v. City of Lake Charles, 2000-1050 (La.App. 3 Cir. 1/31/01), 790 So.2d 51, 53, writ denied, 2001-1198 (La.6/22/01), 794 So.2d 787.

. See State ex rel. Div. of Admin., Office of Risk Mgmt. v. Nat'l Union Fire Ins. Co. of Louisiana, 2007-1134 (La.App. 1 Cir. 2/8/08), 984 So.2d 91, writ denied, 2008-0548 (La.4/25/08), 978 So.2d 370.

.See State ex rel. Div. of Admin., Office of Risk Mgmt. v. Nat'l Union Fire Ins. Co. of Louisiana, 2010-0689 (La.App. 1 Cir. 2/11/11), 56 So.3d 1236, 1239, writ denied, 2011-0849 (La.6/3/11), 63 So.3d 1023.

. In September 1991, Michael Williams was involved in a single-vehicle accident on a westbound overpass of Interstate Highway 10 in Lake Charles, Louisiana. Mr. Williams suffered severe and disabling injuries. State ex rel. Div. of Admin., Office of Risk Mgmt., 56 So.3d at 1240. Harry Odom filed suit on behalf of Mr. Williams in Calcasieu Parish against the City of Lake Charles and other defendants ("Odom litigation”). In the amended petition for damages, DOTD was joined as a defendant. The amended petition alleged liability on behalf of DOTD, based upon the defective design and construction of the overpass guardrail. Id.

. In August 1998, a claims adjuster for the ORM wrote to Aon for the purpose of notifying it "of a possible excess claim” under the excess policy, and enclosed copies of the plaintiffs’ pleadings. There is no evidence that any representative of ORM, DOTD, or the State notified either Aon or National Union of the claim prior to that time. State ex rel. Div. of Admin., Office of Risk Mgmt., 56 So.3d at 1240-41, Furthermore, in January 2000, an ORM claims adjuster provided Aon with a "status update,” advising it that the case was set to begin trial that month and of the settlement offers that had been presented. Id. at 1241.

. On appeal, the judgment amount was increased to over $11 million. State ex rel. Div. of Admin., Office of Risk Mgmt., 56 So.3d at 1241.

. The State subsequently filed an application for writs of supervisory review to the Louisiana Supreme Court. The supreme court denied the State's application. State ex rel. Div. of Admin., Office of Risk Mgmt. v. Nat’l Union Fire Ins. Co. of Louisiana, 2011-0849 (La.6/3/11), 63 So.3d 1023.

. The State appealed only the judgment rendered January 7, 2013, which was the judgment denying its motion for reconsideration and/or motion for new trial. The denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm. Morrison v. Dillard. Dept. Stores, Inc., 99-2060 (La.App. 1 Cir. 9/22/00), 769 So.2d 742, 744, writ denied, 2000-3379 (La.2/2/01), 784 So.2d 646. However, the supreme court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case. See Reno v. Perkins Engines, Inc., 98-1686 (La.App. 1 Cir. 9/24/99), 754 So.2d 1032, 1033, writ denied, 99-3058 (La. 1/7/00), 752 So.2d 863; Carpenter v. Hannan, 2001-0467 (La.App. 1 Cir. 3/28/02), 818 So.2d 226, 228-29, writ denied, 2002-1707 (La. 10/25/02), 827 So.2d 1153. It is obvious from the State’s brief that it intended to appeal the judgment granting Aon’s motion for summary judgment and dismissing the State's claims against Aon. Thus, we will treat the appeal accordingly.

. See State ex rel. Div. of Admin., Office of Risk Mgmt., 56 So.3d 1236.

. As Justice Holmes stated in Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912), ''[i]n the absence of statute^] the phrase, 'law of the case’, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.”

. We note that it was the State, through the ORM, who brought the writ to the Louisiana Supreme Court regarding which party had the burden of proving prejudice on a motion for summary judgment as a result of the alleged late notice. See State v. National Union Fire Ins. Co. of La., 63 So.3d 1023.