GUIDRY, J.
Family Worship Center Church, Inc. on its own behalf and derivatively on behalf of Health Science Park, L.L.C. (FWCC), appeals from a trial court judgment in favor of defendants, Gary N. Solomon, Stephen H. Jones, Terry D. Jones, and Health Science Park, L.L.C. (collectively HSP). For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On August 19, 2003, FWCC and HSP entered into an option agreement for the purchase and lease of certain real estate owned by FWCC near Bluebonnet Boulevard in Baton Rouge, Louisiana. The purpose of the agreement was to give HSP the right to acquire property that could be used if selected as a relocation site for Earl K. Long Medical Center, controlled by Louisiana State University Health Science System (LSU project). This agreement, by its terms, was expressly limited to the LSU project. Precise property descriptions were not included in the agreement, but a survey of the property was to take place after the option was executed. This agreement, as extended, expired in August 2004.
Thereafter, following intense negotiations, FWCC and HSP entered into another option agreement on November 5, 2004. This agreement, however, did not contain language limiting the exercise of the option to the LSU project. The agreement provided that the purchase option was granted in consideration of payment by HSP of $150,000.00, included 15.76 acres (Tract 1) and 21.062 acres (Tract 2), and expired *652 three hundred sixty-five days following the effective date. The agreement further provided that HSP shall have the exclusive and unconditional right to extend the purchase option for an additional one hundred eighty days upon payment to FWCC of $100,000.00, together with written notice of its election to extend prior to expiration of the first purchase option period. With regard to the lease option, which covered land consisting of approximately 28.5 acres (Tract 2B-1), the agreement provided that the first lease option period would expire one year after the effective date, and that HSP shall have the exclusive and unconditional right and option to extend the lease option period for two additional one hundred eighty-day periods upon payment of an additional $50,000.00 for each extension and written notice of HSP's election to extend the lease option period. The lease option further provided that if HSP failed to give timely payment and notice of its election to extend the lease option period, the agreement would terminate.
In September 2005, following Hurricane Katrina, both HSP and FWCC attempted to lease the property subject to the November 5, 2004 option agreement. On September 7, 2005, HSP recorded the option agreement in the East Baton Rouge Parish mortgage and conveyance records, attaching as exhibits to the agreement 2002 sketches of the property prepared by GWS Engineering. HSP also filed suit against FWCC for FWCC's failure to comply with its obligations under the option agreement, seeking an injunction and an order that FWCC honor the exclusive and irrevocable option agreement. FWCC responded by filing a reconventional demand. However, on October 3, 2005, the parties entered into a settlement agreement, wherein they agreed that FWCC would be given a ninety-day opportunity to lease the property subject to the lease option, and if successful, would pay HSP $600,000.00. If at the end of the ninety-day period no payment had been made or no lease had been consummated, HSP would have thirty-one days to exercise the lease option. All remaining claims of both HSP and FWCC were dismissed without prejudice. The settlement agreement did not affect the purchase option.
FWCC did not lease the property, and on October 21, 2005, it filed a petition against HSP, seeking a declaratory judgment that the November 5, 2004 option agreement was null and void and of no effect and that HSP had no rights or interest in any of the property, rights, or interests of FWCC; a preliminary injunction prohibiting HSP from preventing FWCC from using, occupying, selling, or leasing any of its property and ordering HSP to cancel from the public records any recorded documents affecting FWCC's title; damages; and other specified relief.
Thereafter, on November 10, 2005, HSP sent notice to FWCC, accompanied by a check for $100,000.00, that it was extending the purchase option and declaring its intent to exercise the lease option if FWCC failed to pay it $600,000.00 in accordance with the terms of the settlement agreement. On the same date, HSP answered FWCC's petition and filed a reconventional demand. HSP asserted that the option agreement included an exclusive and irrevocable option to purchase certain property owned by FWCC and an option to lease other property owned by FWCC, and that pursuant to the terms of the option agreement, HSP gave notice to FWCC and payment of $100,000.00 on November 2, 2005, extending the purchase option. HSP sought dismissal of FWCC's claims; a declaratory judgment that the option agreement, as modified by the October 3, 2005 settlement agreement, was valid and enforceable; specific performance; injunctive relief; and damages. HSP attached *653 a copy of the option agreement and sketches that it had previously filed in the mortgage and conveyance records.
On January 9, 2006, HSP filed a motion for partial summary judgment as to FWCC's first prayer for relief, which sought to have the option agreement declared null and void and of no effect and that HSP had no rights or interest in or to any of the property, rights, or interests of FWCC. HSP also requested summary judgment to the extent that FWCC's remaining prayers for relief in any way sought an order from the court prohibiting HSP from asserting rights pursuant to the option agreement. On the same date, HSP also filed a request for expedited hearing, stating that it would be prejudiced if the matter was not heard within the next month, as the ongoing litigation was an impediment to its exercise of the purchase option and possibly the lease option. The trial court signed an order granting HSP's request and setting the hearing on the motion for partial summary judgment for February 6, 2006. FWCC, on January 13, 2006, filed a motion to continue the hearing on HSP's motion for partial summary judgment, asserting that it had inadequate time to conduct discovery and requesting that the court continue the hearing to a date no sooner than eight months from the date of filing of HSP's motion. The trial court set a hearing on FWCC's motion for February 6, 2006.
On January 17, 2006, FWCC filed a first supplemental and amending petition and answer to HSP's reconventional demand. FWCC asserted that the November 5, 2004 option agreement contains numerous errors, omissions, and ambiguities concerning the specific property subject to the option, the price or rental amount to be paid in the event of the exercise of the option, and whether the option agreement itself contains two independent options or a single conjunctive option. Particularly, FWCC sought to amend the first prayer of its petition to read that "[j]udgment be rendered herein in favor of [FWCC] and against [HSP], reforming the November 5, 2004, Option Agreement to reflect the true intent of the parties" and stated that it wished to withdraw its demand that the option be rescinded, annulled, or avoided.
On January 24, 2006, FWCC filed a supplemental and amending motion to continue hearing and a motion to dismiss HSP's motion for partial summary judgment as premature, because HSP had not exercised the option, and moot, because the basis upon which HSP sought summary judgment was removed from the petition by way of amendment. FWCC thereafter also filed an opposition to HSP's motion for partial summary judgment, also alleging the mootness of the motion, with supporting documentation. In a reply memorandum, HSP addressed FWCC's mootness argument, stating that although FWCC amended its petition to remove its claims for nullity, rescission, and avoidance, "what is still at issue [pursuant to HSP's reconventional demand] is for the Court to issue a ruling ... that the Option Agreement of November 5, 2004 is valid and enforceable, not subject to rescission because of any vice of consent, dismissing all such claims of FWCC, with prejudice."
On January 31, 2006, Terry Jones sent a letter to FWCC, along with $50,000.00, seeking to extend the lease option pursuant to the terms of the option agreement.
Following a February 6, 2006 hearing on HSP's motion for partial summary judgment, the trial court signed a judgment on February 8, 2006, granting HSP's motion and dismissing all of FWCC's claims for annulment and rescission of the November *654 4, 2005 option agreement with prejudice.[1] FWCC subsequently filed a motion for reconsideration on February 21, 2006, which was denied. On the same date, FWCC sent a letter to HSP, whereby it notified HSP that it was exercising its legal right to terminate the November 5, 2004 option agreement because of the defaults and breaches of HSP. As stated in the letter, FWCC returned HSP's check in the amount of $50,000.00 due to HSP's improper effort to extend the lease option and reserved and specifically did not waive any other breaches of the option, defaults, or other acts of non-compliance with the option terms.
Also on February 21, 2006, HSP filed an amended reconventional demand and an amended answer to FWCC's first supplemental and amending petition, asserting that the February 21, 2006 letter could not terminate the irrevocable option agreement and alternatively, that the letter constituted an anticipatory breach of the option agreement. HSP sought specific performance, damages, and an injunction. Thereafter, on February 27, 2006, HSP filed a motion for summary judgment on FWCC's remaining claims that were not dismissed in the February 8, 2006 judgment, including claims for reformation and damages.
On March 24, 2006, FWCC filed a motion for partial summary judgment requesting that the court, among other things, declare that HSP breached the terms of the option agreement by failing to conduct a survey within 270 days of the option agreement and therefore was not entitled to enforce any of its rights under the option and/or find that FWCC properly terminated the option agreement. Following a hearing on this motion, the trial court denied FWCC's motion, indicating that there were genuine issues of material fact precluding the granting of summary judgment.
On April 5, 2006, FWCC sought leave of court to file a second supplemental and amended petition. Following an April 10, 2006 hearing on HSP's motion for summary judgment, the trial court signed a judgment on May 15, 2006, dismissing all of FWCC's claims with prejudice and denying FWCC's request to file its second supplemental and amended petition.
FWCC subsequently filed a supervisory writ in this court seeking review of the trial court's denial of its motion for summary judgment regarding HSP's breach of the option agreement and filed an appeal from the trial court's February 8, 2006 and May 15, 2006 judgments. This court denied FWCC's writ application[2] and in Family Worship Center Church, Inc., v. Solomon, 06-1261, p. 21 (La. App. 1st Cir. 6/8/07), 958 So.2d 1217 (unpublished opinion), vacated the February 8, 2006 judgment and dismissed HSP's motion for partial summary judgment as moot. With regard to the May 15, 2006 judgment, this court affirmed portions of the trial court's judgment granting summary judgment and dismissing FWCC's claims for unfair trade practices relating to HSP's filing of the first lawsuit, recordation of the option agreement, and failure to act in the best interest of its shareholders. This court also affirmed the trial court's granting of summary judgment and dismissal of FWCC's abuse of process claim. However, this court reversed portions of the trial court's judgment, which had granted summary judgment and dismissed FWCC's claims for reformation of the option agreement, *655 securities law violations, and unfair trade practices related to HSP's fraudulent inducement. This court also reversed the portion of the trial court's judgment denying FWCC leave of court to file a second supplemental and amending petition and remanded the case to the trial court for further proceedings.
On rehearing, this court clarified its determination that the trial court erred in dismissing FWCC's breach of contract and termination claims by amending its opinion to state that the trial court's May 15, 2006 judgment was reversed to the extent it dismissed FWCC's claims for breach of contract and termination, as those claims were not before the trial court on HSP's motion. This court also limited the filing of FWCC's second supplemental and amending petition to claims other than those seeking rescission and/or nullity of the option agreement. Family Worship Center Church, Inc. v. Solomon, 06-1261, pp. 3-5 (La. App. 1st Cir. 11/15/07) (on rehearing) (unpublished opinion).
On January 18, 2008, HSP filed a motion for leave of court to file a second amended reconventional demand, which was granted. In its reconventional demand, HSP asserted that FWCC had undertaken actions designed to prevent HSP from performing under the terms and conditions of the option agreement and had undertaken activity to cause damage to HSP. HSP alleged claims for breach of contract, abuse of process, breach of fiduciary duty, intentional interference with the contractual rights of HSP, and damages. FWCC responded by filing exceptions raising the objections of no cause of action, no right of action, prematurity, and vagueness.
On March 12, 2008, FWCC filed a third supplemental and amending petition, claiming that at all times, the agreement of the parties remained that the option could only be exercised by HSP if HSP was awarded the LSU project. FWCC asserted that because of HSP's fraudulent misrepresentation, FWCC was entitled to reformation of the option to reflect the intent of the parties. FWCC alleged that the fraudulent acts and omissions constituted unfair trade practices and that HSP breached paragraphs 23 and 39 of the option agreement. FWCC sought damages, declaration that the option agreement was void ab initio because it did not adequately describe the property subject to the November 4, 2005 option agreement, and termination of the option agreement.
FWCC also filed an answer to HSP's second amended reconventional demand, alleging as affirmative defenses all facts, allegations and causes of action contained in FWCC's petition for damages, first supplemental and amending petition, second restated petition, answer and reconventional demand to HSP's amended reconventional demand, and amended answers to HSP's first amended petition. FWCC also argued that HSP judicially confessed that the purchase property was limited to 36.822 acres set forth in Tract 1 and Tract 2, as depicted on exhibits attached to the option HSP filed in the public record on September 7, 2005. FWCC also asserted that the option was null and void and/or unenforceable due to lack of an object, lack of consideration, and/or fraud. Alternatively, FWCC asserted that if the option was not null, void, unenforceable, or terminated, it should be reformed.
On October 20, 2015, HSP filed an exception raising the objection of res judicata as to FWCC's claims seeking rescission, avoidance, termination, or nullity of the November 4, 2005 option agreement as well as any claims of securities law violations and violations of the Louisiana Unfair Trade Practices Act (LUTPA), except those based on alleged misrepresentations in connection with the LSU project. In a *656 reply memorandum, HSP further asserted that this court's November 15, 2007 ruling on FWCC's rescission and nullity based claims is law of the case.
Thereafter, FWCC filed several motions in limine, asserting that the testimony of HSP's damage expert, James A. Richardson, was speculative, and seeking to prohibit HSP from introducing parol evidence to challenge the acreage specifically identified as being subject to the purchase option in the November 4, 2005 option agreement.
At a December 14, 2015 hearing on the parties' motions and exceptions, the trial court maintained the exception of res judicata as to all claims for rescission, avoidance, or nullity of the option agreement, with the caveat that it denied the exception as it related to any claims of termination, reformation, or any other claims not dismissed by the trial court or this court. The trial court also denied FWCC's motions in limine.
The matter proceeded to jury trial, and following FWCC's presentation of evidence on the merits of its causes of action, HSP moved for a partial directed verdict on FWCC's claims for fraud; fraudulent misrepresentation, including but not limited to claims of Louisiana Securities Law and LUTPA violations; and damages. The trial court granted HSP's motion and dismissed these claims with prejudice. At the conclusion of the trial, the jury was instructed and returned a verdict form finding FWCC did not prove by a preponderance of the evidence that HSP breached the November 5, 2004 option agreement by failing to timely cause a survey of the property and did not prove reformation by clear and convincing evidence or relative simulation by a preponderance of the evidence that the November 5, 2004 option agreement did not reflect the mutual intent of the parties as to the exclusive use of the property. However, the jury did find that HSP proved by a preponderance of the evidence that the option should be enforced as written, that FWCC breached the option by interfering with HSP's efforts to comply with the option and is entitled to delay damages in the amount of $2,825,906.50 as a result of the breach of the terms and conditions of the option agreement.
Thereafter, the trial court signed a judgment on February 29, 2016, in conformity with the jury's verdict, ordering that the November 5, 2014 option agreement shall be enforced as written and that HSP is entitled to specific performance of the option agreement by FWCC; ordering that the property subject to the purchase option, as described in the judgment, be conveyed by FWCC to HSP at the appraised value of $6,700,000.00 effective October 21, 2006, or as may be modified by paragraph 6 of the option agreement; ordering that HSP be allowed to extend and exercise the lease option portion of the November 4, 2005 option agreement pursuant to its terms and thereby lease the Ketchum and Trotter Buildings from FWCC for $10/square foot pursuant to paragraphs 9 and 12A of the option agreement; decreeing that FWCC breached its obligation to sell/lease property subject to the option agreement and breached the agreement by interfering with HSP's efforts to comply with the terms of the option agreement; awarding HSP $2,825,906.50 in delay damages, plus judicial interest; and dismissing FWCC's claims for breach, reformation, relative simulation, termination, and all other claims, with prejudice. The trial court also signed judgments sustaining HSP's exception raising the objection of res judicata (treated as a motion to dismiss on the grounds of law of the case); denying FWCC's motion in limine regarding the *657 expert testimony of Richardson; and not considering, due to untimely service upon the court, FWCC's motion in limine to exclude parol evidence related to the acreage of the property subject to the purchase option and referring the matter to the merits.
FWCC filed a motion for new trial, and following a hearing on May 3, 2016, the trial court signed a judgment granting FWCC's motion only as to the commencement date for the accrual of judicial interest on the damages awarded HSP by the jury and denied the motion in all other respects.
FWCC now appeals from the trial court's judgment, asserting that the trial court and jury erred:
1. In granting HSP's exception raising the objection of res judicata and preventing FWCC from presenting evidence regarding the invalidity of the option agreement;
2. In structuring the jury verdict form;
3. By refusing to give a jury instruction on HSP's burden of proving the option agreement was a valid and enforceable contract;
4. By forcing the jury to define the purchase property as either the 64 acres claimed by HSP or the 36.822 acres claimed by FWCC without giving the jury the option of finding that FWCC and HSP never had a meeting of the minds on the option agreement's object;
5. In allowing HSP to rely exclusively on parol evidence to prove the metes and bounds of the purchase property;
6. By granting HSP's motion for partial directed verdict and dismissing HSP's fraud claims;
7. In finding FWCC failed to prove that HSP breached the option by failing to perform a survey by August 2, 2005;
8. In finding FWCC breached the option agreement by interfering with HSP's attempts to exercise the option;
9. By denying FWCC's motion in limine challenging the testimony of HSP's damage expert, James A. Richardson; and
10. In awarding HSP "delay damages" based entirely on unsupported expert testimony.
DISCUSSION
Exception Res Judicata
Res judicata bars relitigation of a subject matter arising out of the same transaction or occurrence of a previous suit and promotes judicial efficiency and final resolution of disputes. Quality Environmental Processes, Inc. v. IP Petroleum Company, Inc., 16-0230, p. 9 (La. App. 1st Cir. 4/12/17), 219 So.3d 349, 364, writ denied, 17-00915 (La. 10/9/17), 227 So.3d 833. Louisiana Revised Statute 13:4231 provides for res judicata and states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
*658 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Quality Environmental Processes, Inc., 16-0230 at p. 9, 219 So.3d at 365.
Accordingly, because the principle of res judicata envisions a second suit, it does not apply in a case where there is no second suit but merely judgments of the trial and appellate courts within the same suit. Quality Environmental Processes, Inc., 16-0230 at p. 10, 219 So.3d at 365. In those instances, the law of the case doctrine, as opposed to res judicata, is the proper procedural principle for describing the relationship between prior judgments by the trial and appellate courts rendered within the same case. Quality Environmental Processes, Inc., 16-0230 at p. 10, 219 So.3d at 366 ; Lomont v. Myer-Bennett, 16-436, p. 7 (La. App. 5th Cir. 12/14/16), 210 So.3d 435, 442, writ denied, 17-0088 (La. 2/24/17), 216 So.3d 59.
The law of the case doctrine embodies the principle that an appellate court generally does not revisit its own rulings of law on a subsequent appeal in the same case. State ex rel. Division of Administration, Office of Risk Management v. National Union Fire Insurance Company of Louisiana, 13-0375, p. 8 (La. App. 1st Cir. 1/8/14), 146 So.3d 556, 562. The law of the case doctrine is a discretionary guide that relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Jones v. McDonald's Corp., 97-2287, p. 4 (La. App. 1st Cir. 11/6/98), 723 So.2d 492, 494, writ not considered, 98-3057 (La. 2/5/99), 737 So.2d 738. It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. Guidry v. USAgencies Casualty Insurance Company, Inc., 16-0562, p. 8 (La. App. 1st Cir. 2/16/17), 213 So.3d 406, 414, writ denied, 17-0601 (La. 5/26/17), 221 So.3d 81. The reasoning behind the law of the case doctrine is to avoid re-litigation of the same issue, to promote consistency of result in the same litigation, and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. State ex rel. Division of Administration, Office of Risk Management, 13-0375 at p. 9, 146 So.3d at 562.
Re-argument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. Jones, 97-2287 at pp. 4-5, 723 So.2d at 494. Additionally, law of the case will not apply when the underlying operative facts upon which the court's prior decision was based have changed. State, Division of Administration, Office of Risk Management v. National Union Fire Insurance Company of Louisiana, 10-0689, p. 15 n.7 (La. App. 1st Cir. 2/11/11), 56 So.3d 1236, 1247 n.7, writ denied, 11-0849 (La. 6/3/11), 63 So.3d 1023. The law of the case doctrine is not an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. Jones, 97-2287 at p. 5, 723 So.2d at 495.
*659 In the instant case, HSP filed an exception raising the objection of res judicata prior to trial as to FWCC's claims and defenses raising and/or seeking rescission, nullity, or avoidance of the option agreement and asserted that this court's prior opinions in Family Worship Center Church, Inc. v. Solomon, 06-1261 (La. App. 1st Cir. 6/8/07), 958 So.2d 1217 and 06-1261 (La. App. 1st Cir. 11/15/07) (on rehearing) (unpublished opinions) precluded re-litigation of these issues. In our prior opinions, this court noted that FWCC had amended its petition to withdraw its demand that the option agreement be rescinded, annulled, or avoided and had amended its prayer to request that the judgment be reformed to reflect the true intent of the parties. As such, we found that based on the pleadings in the record, the issue of rescission was no longer a contested issue before the court, as neither party wanted to have the agreement rescinded but rather, wanted to have the agreement either enforced as written or modified to reflect the true understanding and intent of the parties. Therefore, on rehearing, we clarified our reversal of the trial court's judgment denying FWCC leave of court to file a second supplemental and amending petition, finding that "the trial court was correct in prohibiting [FWCC] from re-urging claims seeking rescission and/or nullity of the [o]ption [a]greement" and limiting the filing of FWCC's "second supplemental and amending petition to claims other than those seeking rescission and/or nullity of the [o]ption [a]greement."
FWCC opposed HSP's exception, asserting that this court's prior rulings do not apply to its affirmative defenses that the option agreement is null and/or void ab initio or its defenses related to HSP's fraudulent, abusive, and unfair conduct related to HSP's second amended reconventional demand, which raised the issue of FWCC's intent and wherein HSP materially changed its position with regard to the acreage of the property subject to the purchase option. FWCC further asserted that the central issue of the litigation, the validity of the option agreement, has never been actually litigated to a final judgment, and thus, cannot be the subject of an exception of res judicata.
HSP responded by filing a reply memorandum, wherein it asserted that in addition to res judicata and issue preclusion, this court's prior opinions constitute law of the case. HSP also asserted that it had not changed its position with regard to the property subject to the option agreement and cited to alleged errors in the sketches attached to the option agreement, which were not discovered until eight months after the suit had been instituted.
At the hearing on HSP's exception, counsel for HSP acknowledged that the exception is broader than res judicata and "[i]t really does focus more on law-of-the-case type of a motion to dismiss, or motion to strike these claims because of law of the case." HSP further argued that it is clear that any cause of action or defense that seeks to avoid, nullify, or rescind the option agreement is foreclosed to FWCC as a remedy based on the first circuit's prior opinions in this matter, but that any claim for reformation based on mutual error about the property description that was subsequent to the first circuit's ruling is still available. Counsel for FWCC argued that HSP had changed its position from asserting that the purchase property subject to the option agreement contains approximately 39 acres and is the best evidence of its terms to claiming that the purchase property description is ambiguous and contains approximately 64 acres based on parol evidence.
*660 After hearing the arguments of counsel, the trial court stated that while the matter was currently before it on an exception of res judicata, it was considering it as law of the case. The trial court found that "At rehearing, [the first circuit] specifically affirmed [this court's] ruling to prohibit FWCC from re-urging the claims of nullity, avoidance, or recision [sic] of the option agreement, which, as far as I see, constitutes law of the case as to any claim, whether in the offensive capacity or defensive capacity, for rescission [sic], avoidance, or nullity of the option agreement."
From our review of the record, it is clear that at the time this court rendered its prior opinions, FWCC had attacked the validity of the option agreement based on its alleged restriction to the LSU project and with regard to exercise of the lease option; neither its original petition nor its first supplemental and amending petition, which withdrew its claim for rescission, nullity, and/or avoidance of the option agreement and sought reformation, addressed the purchase property. In fact, HSP acknowledged in its memorandum in reply to FWCC's opposition to its exception raising the objection of res judicata that "the purchase option property was not the focus of anyone's attention" at the time FWCC filed its original and first amending and supplemental petition and that the "genesis" of the litigation "surrounded HSP's post-Katrina attempts to lease the optioned property."
However, sometime during or after the pendency of the appeal in this court, HSP apparently discovered that the sketches depicting the purchase property, which formed the basis of the acreage description in the option agreement and had been unilaterally attached to the agreement by HSP and filed by HSP into the East Baton Rouge Parish mortgage and conveyance records, were in error. Thereafter, a dispute arose as to the property subject to the purchase option. HSP filed a second amended reconventional demand, asserting that FWCC was interfering with its exercise of the option agreement by prohibiting or limiting HSP's access to the property for the purpose of conducting a survey to only that property set forth on the two sketches and asserted that the sketches were merely illustrative as to the purchase property. FWCC filed an answer to HSP's second amended reconventional demand, raising as affirmative defenses: all facts, allegations, and causes of action previously pled; HSP's judicial confession that the purchase property was limited to 36.822 acres as set forth in Tract 1 and Tract 2, depicted on exhibits attached to the option HSP filed in the mortgage and conveyance records on September 7, 2005; and that the option agreement was null and void and/or unenforceable due to lack of an object, lack of consideration, and/or fraud.
Based on our review of the record, we find no error in our previous ruling based on the facts and claims then before us, finding that the trial court was correct in prohibiting FWCC from re-urging claims seeking rescission and/or nullity of the option agreement and limiting the filing of FWCC's second supplemental and amending petition to claims other than those seeking rescission and/or nullity of the option agreement. And, as to those claims and issues then before us, we find our decisions constitute law of the case. However, subsequent to our prior decisions, due to the discovery of an alleged error in the sketches previously relied on by the parties as depicting the purchase property, HSP changed its position from asserting that the option agreement, and the sketches attached to it as exhibits to the agreement, was the best evidence of its terms to asserting that the option agreement was ambiguous, that the sketches and description of the property were in *661 error, and that the purchase property at issue encompassed considerably more than that described in the option agreement. Therefore, because of the change in material facts and the circumstances of this case occurring subsequent to this court's prior decisions, the trial court abused its discretion in applying law of the case to prohibit FWCC from presenting evidence of the invalidity of the option agreement as a defense to HSP's claims regarding the purchase property. See State, Division of Administration, Office of Risk Management, 10-0689 at p. 15 n.7, 56 So.3d at 1247 n.7.
Furthermore, because this pre-trial error prohibited the presentation of evidence to the jury and therefore, interdicted the jury's fact finding process, we not only reverse the trial court's judgment sustaining the exception raising the objection of res judicata, but we also reverse the trial court's judgment rendered in conformity with the jury's verdict and remand this matter to the trial court for further proceedings.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court sustaining HSP's exception raising the objection of res judicata (treated as a motion to dismiss on the grounds of law of the case) and remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to the defendants, Gary N. Solomon, Stephen H. Jones, Terry D. Jones, and Health Science Park, L.L.C.
REVERSED AND REMANDED.
Pettigrew, J. concurs

The court minutes reflect that the motion to continue was denied as moot.

Family Worship Center Church, Inc. v. Solomon. 06-2143 (La. App. 1st Cir. 7/16/07) (unpublished writ action).